# CHARLESTON.

STATE ex rel. C. F. KEENEY et al. v. ROBERT BLAND, JUDGE.

Submitted November 16, 1921.   Decided November 22, 1921.

1. CRIMINAL LAW—*Inferior Court May be Prevented from Proceeding Only for Lack of Jurisdiction.*

   The only ground of jurisdiction in a superior court, to prevent an inferior court from proceeding in any cause or matter, is lack of jurisdiction of such cause or matter in the inferior court, for some reason. (p. 602).

2. SAME—*No Lack of Jurisdiction in Either of Two Inferior Courts of Concurrent Jurisdiction Until Plea of Abatement in One.*

   If two inferior courts of concurrent jurisdiction are entertaining identical causes of action between the same parties at the same time, there is no lack of jurisdiction in either of them, until after an application to one of them for abatement of the action pending in it, or relinquishment of its jurisdiction, has been made and sustained by proof. (p. 603).

3. SAME—*Attachment of Jurisdiction of First of Concurrent Courts Does Not of its Own Force Preclude Jurisdiction of the Other.*

   In such cases, attachment of the jurisdiction of the court of first cognizance does not of its own force preclude jurisdiction of the court of second cognizance. It merely affords the parties concerned the means or ground for procuring abatement of the second action, or discharge of persons or property seized under the process of the court in which it is pending. (p. 603).

4. PROHIBITION—*Will Not Lie to Court of Second Cognizance Before a Hearing to Determine its Jurisdiction.*

   Upon the plea in abatement filed under such circumstances, or an application for discharge of the person or property seized, the court of second cognizance has jurisdiction, upon

such pleas or application, to ascertain the facts necessary to determination of the question, whether the same cause of action between the same parties is pending in the court of first cognizance, and previously came within its actual jurisdiction, or whether the same person or property is in the custody of such other court and was first seized under its process, as the case may be; wherefore the writ of prohibition cannot be awarded against the court taking subsequent jurisdiction of the cause of action or the person or property, before a hearing and determination as to its right to retain jurisdiction has been had, upon a proper application therefor, in the manner above indicated. (p. 605).

5. SAME—*Court Cannot be Deprived of its Right to Determine Jurisdictional Facts, Although Evidence is Absolutely Conclusive.*

If the question of a court's jurisdiction depends upon issues of fact, it has power and jurisdiction to decide them, even though the evidence relied upon to prove the jurisdictional facts is wholly uncontradicted and absolutely conclusive, and it cannot be deprived of its right to do so by prohibition or any other collateral proceeding. (p. 605).

6. SAME—*Will Not Lie at Instance of One Indicted as Accessory To Murder in Two Counties to Prohibit One Court Prior to Hearing on its Jurisdiction.*

Prohibition does not lie at the instance of a person indicted, as an accessory before the fact to the crime of murder, in courts of two counties having concurrent jurisdiction of the offense, and held in custody under process issued by one of such courts, to prevent the other from proceeding against him, by process for his arrest or otherwise, in advance of a hearing in such other court as to facts upon which its supposed lack of jurisdiction depends, such as his identity, his arrest and possibly other matters. (p. 607).

Original proceeding by the State, on the relation of C. F. Keeney and others, against Robert Bland, Judge, for writ of prohibition.

*Writ refused.*

*C. J. Van Fleet, H. W. Houston,* and *T. C. Townsend,* for relators.

*Chafin & Estep,* and *Osenton & Lee,* for respondents.

PÒFFENBARGER, JUDGE:

By the usual procedure, C. F. Keeney and Fred Mooney, under indictment in Kanawha County and in Logan County for the same offense, being charged in each as accessories before the fact to the crime of murder alleged to have been committed in said last named county, and now in custody by virtue of process issued on the indictment in said first named county, seek a writ of prohibition against the Judge of the Circuit Court of Logan County, to prevent him from proceeding against them, on the indictment pending in his court, upon the theory of concurrent jurisdiction of the offense in both courts, and antecedent attachment of that of Kanawha County, the petitioners having been first arrested and incarcerated under its process, and no arrest having been effected under the Logan County process, although the Logan County indictment was first found. The immediate purpose of this proceeding is prevention of arrest of the petitioners on a capias issued by order of the Circuit Court of Logan County, November 5, 1921, and now in the hands of the Sheriff of Kanawha County, and the ultimate purpose, to prevent trial on the Logan County indictment while the other is pending in Kanawha County.

If, upon the admitted facts alleged and the law as claimed by the petitioners, the remedy sought is inappropriate or unavailing, it is unnecessary to inquire whether the legal propositions advanced in support of the application for it are sound or not. For the purposes of the case, the constitutionality of sec. 8, ch. 152, Code, interpreted as authorizing indictment and trial of an accessory, in either county, when the accessorial acts occur in one county and the crime is consummated in another, may be conceded. So may the correctness of that interpretation, the existence of concurrent jurisdiction and prior attachment of that of the Intermediate Court of Kanawha County. If, all of these propositions being so conceded, prohibition does not lie, there is no occasion for questioning their soundness. No inquiries as to them properly arise. We proceed, therefore, to the inquiry as to the applicability of the remedy sought.

The position assumed by the petitioners admits jurisdiction of the Circuit Court of Logan County over the subject matter. It also admits right and power in that court to obtain jurisdiction of themselves, by arrest or seizure, but for prior arrest under process of the Intermediate Court of Kanawha County. The act sought to be prohibited is invasion of the jurisdiction of the latter court, by exercise of the jurisdiction of the former, treated as an act in excess of the invading court's jurisdiction.

This argument assumes lack of jurisdiction in the second court, in every instance in which the same plaintiff institutes two suits against the same defendant, upon the same cause of action, in different courts. Viewed in the light of ordinary procedure not involving any seizure of person or property, its fallacy is apparent. Pendency of a former suit for the same cause of action, whether in the same court or another, is mere matter of abatement, and must be pleaded in abatement, and at the first opportunity, else the defense is lost. *Robrecht* v. *Marling,* 29 W. Va. 765, 775; *Delaplain* v. *Armstrong,* 21 W. Va. 211; *Bradley* v. *Welch,* 1 Munf. 284; *Monroe* v. *Redman,* 2 Munf. 240. If this defense were jurisdictional, in the sense of lack of power in one court to try an action identical with one pending in another, and render judgment, the rule respecting its interposition would not be so strict. The defense is a personal privilege allowed the defendant, rather than a lack of power in the court; wherefore, upon his waiver of it, by failure to set it up by plea, filed at rules, the court may proceed to hear and determine the case. The rule by which a plea of another suit pending abates the one in which it is filed and sustained has, for its object, mere prevention of unnecessary vexation of a party by two or more suits upon the same cause of action. *N. & W. R. Co.* v. *Nunnally's Adm'r.* 88 Va. 546; *Olmins* v. *Delaney,* 2 Str. 1216; *Richards* v. *Stuart,* 10 Bing. 322. The fact that it must be set up by a plea, brought to the attention of the court in a strictly formal manner, and without the slightest delay, proves its non-jurisdictional character.

Nor is there any precedent in our decisions for its avail-

ability in any other way. If it is lost by mere failure to set it up in the suit in a proper manner or in proper time, on account of its dilatory nature or non-relation to the merits of the cause, it certainly cannot be made available outside of the case by collateral procedure of any kind. In other words, if a court may reject it, although brought to its attention, because of mere delay in its interposition or lack of formality, and proceed with the case, as undubitably it may do, there can be no reason for permitting it to be made a ground or cause of prohibition to stop the case, or any other collateral proceeding.

It does not follow, however. that a defendant must submit to two judgments for the same cause of action. He may waive or lose his right to have the second suit abated by reason of the pendency of the first, and yet prevent two judgments, by pleading the judgment first rendered, in bar of further prosecution of the other action, in which judgment has not been recovered. Both suits may be prosecuted and defended, each as if the other were not pending; but the moment judgment is rendered in one of them, for either plaintiff or defendant, it is a weapon in the hands of the defendant with which, by pleading it, he may defeat the other action. Here, again, is a demonstration of the unsoundness of the proposition that attachment of the jurisdiction of one of two courts of concurrent jurisdiction deprives the other of its jurisdiction. The jurisdiction of the other continues, subject to power in the defendant to defeat it by proper procedure in the case and at its bar, but not otherwise. In all such cases, there is complete jurisdiction of both subject matter and person, in both courts, until that of one of them is ousted by a plea in abatement or a plea of *res judicata.* A cause of action concurrently cognizable by two courts belongs to the jurisdiction of the one in which it is first brought and is excluded from that of the other, only in a potential sense, not actually. The law confers upon the parties the right to confine it to the former and exclude it from the latter by proper procedure. This is the sense in which the observation respecting this subject, so often found in the books, must be taken.

No jurisdictional distinction between cases involving seizure of the person or property and others not involving it, is perceived.  The court of concurrent jurisdiction, making the first seizure, is entitled to retain jurisdiction; and the legal presumption is that the other, upon a proper and timely application founded upon the fact of the previous seizure under process of the other court, will relinquish the person or property seized, just as, in the other class of cases, the second suit is abated upon a proper and timely plea of the pendency of the first.  The court under whose process the second seizure was made has undoubted and clear jurisdiction, if that of the other court has not attached by previous seizure or otherwise.  Whether it has or not is a mixed question of law and fact, which such second court has power and jurisdiction to pass upon.  In most cases, the question is free from doubt and easy of solution, but, however clear it may be, the court has right to determine it, and no other court, in a collateral proceeding, be it prohibition or what not, has any power or authority to decide the question for it.  To do so would be a plain and palpable trespass upon its jurisdiction, an usurpation of power.  There may be no doubt about the identity of the person or thing, the fact of seizure or the validity of the process under which the first seizure was made; but that does not affect the question of jurisdiction.  Many of the cases submitted to the courts for decision are so clear and plain that any layman could correctly decide them.  But no man can obtain an adverse judgment in the clearest case, otherwise than by submission thereof to a court of competent jurisdiction and procurement of the exercise of its judicial powers.  Until the court of second cognizance by seizure has passed upon the application for release, or vacation of its action, it cannot be deemed to have exceeded the limits of its jurisdiction.  If it has not power to ascertain and determine the identity of the subject, whether person or property, the fact of seizure and the validity of the process under which it was made, which may depend upon the question of jurisdiction of the issuing court, it is perfectly obvious that it might be wrongfully deprived of its own clearly rightful jurisdiction

of the subject. The other court may have no jurisdiction of the subject at all. Its process may be void on its face for some reason. The person or property seized may not be identical. The court of second cogniance cannot possible satisfy itself as to any of these matters, otherwise than by a judicial inquiry and determination, nor can it safely act in the premises without having made them. To say the representations made to the superior court, upon which the application for restraining process is founded, put all such questions beyond the realm of doubt or debate, is not a sufficient response to this argument. It is the province, function and right of the inferior court to pass upon them, however clear they may be. Even though the facts are agreed upon in such manner as to preclude jurisdiction, the agreement must be put into the record of the case in which it is relied upon. If it has been made out of court, it must be proved in the case, to be availing. And it is the duty of the party seeking release from the jurisdiction of a court, to submit to it the issues of fact relied upon as ground of release, for decision. Neither he nor a superior court can assume either incapacity or unwillingness on its part to decide them correctly. Both are bound by the presumption of its capacity and willingness to do so.

These conclusions bring the procedure in cases involving seizure or custody of persons and property clearly within the principle governing cases in which it is not involved. On the plea of another suit pending, an issue is made as to the identity of the cause of action and parties in the two cases. And no doubt the jurisdiction of the court in which it is pending may be a proper subject of inquiry. Even though the identity of the cause of action and parties and the jurisdiction of the court may be clear beyond question, the plea must be filed and the facts it avers established, else the court of second cognizance may proceed. In cases of seizure, the same principle applies, but the procedure may be different. In a criminal case of concurrent jurisdiction, the issues might be raised by a plea, or they might arise upon the return of the officer endorsed upon the process, or process against him or some other officer. The procedure need not be defined nor

indicated.   Nothing is involved here except the question of jurisdiction in the circuit court of Logan county and that depends upon facts to be determined by it.   If a court, in passing upon its own jurisdiction, decides only a question of law, the decision in its favor may be at its peril.   But, if the question depends upon facts to be ascertained and determined, a wrong decision is mere error.   *McConiha* v. *Guthrie,* 21 W. Va. 134; *Swinburn* v. *Smith,* 15 W. Va. 483; *Ex parte Ellyson,* 20 Gratt. 24.

In the argument, the issue has been correctly treated as one of jurisdiction.   Prohibition lies only in case of the inferior court's lack of jurisdiction in some form.   Its lack of jurisdiction, if any, confers jurisdiction by prohibition upon this court.   When it has jurisdiction, we do not.   Our decisions uniformly hold that prohibition cannot be awarded upon any ground save lack of jurisdiction in the inferior court.   No lack of jurisdiction in the Circuit Court of Logan County having been shown, the writ cannot be awarded consistently with law.

As a precaution against misapprehension of the scope and effect of this decision, we observe that it is limited to the facts upon which it is predicated.   We are not to be understood as saying or intimating that a court of concurrent jurisdiction may not, in a case of this kind, overstep the limits of its jurisdiction by its decision upon an application for release, or by its subsequent action.   The point at which its jurisdiction terminates in such cases is not now a subject of inquiry here.   It certainly extends to and includes a hearing and decision as to whether cognizance has attached.   There are instances of action in excess of jurisdiction, by the judgment rendered upon a hearing properly entertained.   *Bracy* v. *Robinson,* 83 W. Va. 9, 10; *In re Nielson,* 131 U. S. 176; *Ex parte Milligan,* 4 Wall. (U. S.) 131; *Ex parte Long,* 18 Wall. (U. S.), 163; *In re Snow,* 120 U. S. 274; *Ex parte Wilson,* 114 U. S. 417.

There are cases in which the writ of prohibition has been awarded by superior courts against inferior courts of concurrent jurisdiction, to prevent one from trespassing upon

the jurisdiction of the other, in instances of seizure of property, but in most if not all, of them, the excess of jurisdiction was found or existed in their judgments or action with knowledge of facts making their lack of power to proceed perfectly apparent. *Dunbar* v. *Bourland,* (Ark.) 114 S. W. 467; *Mclean* v. *Wayne,* 52 Mich. 257; *Wells* v. *Montcalm,* 141 Mich. 58; *State* v. *Ross,* 122 Mo. 435; *State* v. *Wear,* 129 Mo. 619; *State* v. *Sullivan,* 209 Mo. 161; *State* v. *Murphy,* 132 Mo., 382. In Kentucky and South Dakota, the jurisdiction of the courts of last resort, in prohibition, is deemed to have been so enlarged by constitutional provisions, as to vest it in cases not dependent solely upon action by the inferior courts, without jurisdiction. *Clark County Ct.* v. *Wamer,* 116 Ky. 801; *Hindman* v. *Toney,* 97 Ky. 413; *Boone* v. *Riddle,* 86 S. W. 978; *Gage* v. *McGee,* 15 S. D. 278. Under this broad power of regulation, some of the Kentucky cases seem to treat prohibition as allowable for mere guidance of courts of concurrent jurisdiction in criminal cases, by way of avoidance of probable conflict. We have no such latitude.

For the reasons stated, the writ prayed for will be refused and the rule dismissed.

*Writ refused.*