BAXTER BARBER *v.* RUDD T. NEAL, *Justice, etc.*

(No. 7706)

Submitted September 13, 1933.   Decided September 26, 1933.

*Thomas West,* for relator.

WOODS, JUDGE:

Baxter Barber, relator, seeks, by mandamus to compel Rudd T. Neal, a justice of the peace of Cabell county, to vacate an order of dismissal in a case in which relator was plaintiff and Emmet Hutchinson, defendant, and to hear and decide the same.

Barber and Hutchinson, both residents of Wayne county, on June 4, 1933, while driving their respective automobiles in Cabell county, suffered a collision, whereby both cars were damaged. On June 13th, Hutchinson instituted an action against Barber in the circuit court of Wayne county for damages. And on June 26th, Barber instituted an action

before Neal, justice, in Cabell county, for injury to his car. Hutchinson appeared before the justice and made a motion to dismiss because of the pendency of his action in Wayne county, which motion the justice sustained.

Is the mere fact that there was a former action pending, growing out of the same collision, sufficient to support the justice's action?

"It is an ancient rule of the common law that a man shall not be twice vexed for one and the same cause; and the pendency of a former suit in the same jurisdiction between the same parties for the same cause of action and relief may be pleaded in abatement of a second suit." 1 Ency. Pl. & Pr. .750. The defense, however, is not jurisdictional, but merely a personal privilege, which may be lost if not properly pleaded. *State ex rel.* v. *Bland, J.,* 89 W. Va. 600, 109 S. E. 716.

"The general rule is to the effect that the plea of a prior action pending applies only where plaintiff in both suits is the same person, and both are commenced by himself, and not to cases in which there are cross suits by a plaintiff in one suit who is defendant in the other; in other words, that where the party defendant in the prior suit is plaintiff in the subsequent suit, the first suit cannot be pleaded in abatement of the second." 1 C. J. 82. Hence, in the instant case, the only question is the right in the defendant in the second action to plead former suit pending.

Our statutes relating to set-offs (Code 1931, 50-5-1; 56-5-4 and 56-5-5) are limited in their application. We have held that one trespass can not be set off in bar of another. *Knight* v. *Brown,* 25 W. Va. 808; *Hargreaves* v. *Kimberly,* 26 W. Va. 787, 57 Am. Rep. 121. The reason is that such claims are unliquidated. Hence the defendant could not have set up his claim in the former action, even had he chosen so to do. In actions for damages by reason of tort the general issue is "not guilty". While a verdict for the plaintiff would preclude further action by the defendant; a verdict for the defendant would not necessarily mean that the defendant was entitled to recover. The plaintiff may have failed to prove negligence, or may have been found guilty of contributory negligence. Assuming that the second action were to be abated, and that the plaintiff prosecuted error to this Court

from a judgment for defendant, and that the same was finally affirmed, in most cases the defendant, by virtue of the running of the statute, would be deprived of his right to seek recovery.

The case of *Seager* v. *Foster* (Iowa), 169 N. W. 681, 682, is directly in point. That action grew out of an automobile accident. Foster began his action for damages November 17, 1916, and on December 21, 1916, Seager instituted an action against Foster for damages to his car. Foster pleaded pendency of action. Seager did not attempt to set up his claim in the former suit, as he might have done under the statute. The court said that while Seager might have set up claim in the first suit, he was not bound to, "for he might have elected whether he would assert his claim for damages in that action or proceed in an independent action to recover damages, if any he had suffered. And having so elected it could not be abated by reason of the pendency of defendant's action." In other words, the court recognizes complete jurisdiction of both subject matter and person in both cases, until that of one of them is ousted by plea of *res judicata*.

It is apparent, therefore, that the respondent had jurisdiction over the subject matter and parties in the proceeding before him. But may he after having dismissed the same, be required by mandamus to vacate his action and entertain the case? That mandamus lies to compel an inferior court to remove an order or judgment and enter a proper one is without question. *McComas* v. *Warth, Judge*, 113 W. Va. 163, 167 S. E. 96; *Surgeon* v. *Jones, Justice*, 106 W. Va. 561, 146 S. E. 372. It is a proper remedy where a court declines jurisdiction by mistake of law, erroneously declining as a matter of law and not as a decision upon the facts that it has no jurisdiction, and either declines to proceed or disposes of the case. *French* v. *Bennett*, 69 W. Va. 653, 72 S. E. 746; *Roberts* v. *Paul*, 50 W. Va. 528, 40 S. E. 470; *Wheeling Bridge* v. *Paull*, 39 W. Va. 142, 19 S. E. 551. And this is true even though a writ of error may be proper. *French* v. *Bennett, supra*. It is apparent from the case before us that the justice's action was due to a mistake of law. In view of this fact, we are of opinion that the writ should issue.

*Writ awarded.*