STATE *ex rel.* ANIELA CACKOWSKA

*v.*

NORMAN KNAPP, JUDGE, *etc., et al.*

(No. 12217)

Submitted March 19, 1963.          Decided April 2, 1963.

*H. D. Rollins,* for relator.

*Thomas Canterbury,* for respondents.

PER CURIAM:

In this original proceeding relator seeks a writ of mandamus commanding the respondent, Norman Knapp, Judge of the Circuit Court of Raleigh County, to discharge his duty under the law and render a decision in a matter pending before him, concerning the final disposition of an estate. The petition alleges the death intestate of one Gus Lapinsky, survived by relator as his sole heir at law; the appointment of the respondent, Sparacino, as administrator; the reference to a commissioner of accounts; the final report of the commissioner, to which exceptions were taken; and the subsequent confirmation of such final report by the County Court of Raleigh County on July 27, 1961.

The petition then alleges the timely filing, with the Circuit Court of Raleigh County, in October, 1961, of a petition for a writ of error to the order of the county court, and, despite three requests therefor, the absence of any decision on said application.

A rule to show cause why the writ should not issue as prayed for was granted on February 2, 1963, returnable March 19, 1963. In response to the rule, the respondent, Sparacino, demurred, primarily on the ground that no duty is alleged, nor is any relief asked, against him, and answered, admitting the material allegations of the petition but asserting a lack of diligence on the part of relator. Relator filed a replication to the answer, filing as exhibits, the correspondence requesting a decision in the matter.

No answer was submitted by, or in behalf of, the respondent, Judge Knapp, and, thus, we are not apprised of any extenuating circumstances which might have occasioned the delay of almost seventeen months in acting upon relator's petition, either granting or denying the same. We are not unaware of the crowded conditions of the dockets of several of the circuit, and other, courts of the state, however, in the absence of any explanation we are constrained to hold

that the delay of seventeen months in the instant case is unreasonable.

While mandamus will not be awarded to direct a trial court in the manner in which it should exercise its discretion, *Buxton* v. *O'Brien,* 97 W. Va. 343, 125 S. E. 154, and cases cited therein, such court may be compelled to act in a matter properly before it, if it unreasonably neglects or refuses to do so. *State ex rel. Cooper* v. *Garvin,* 139 W. Va. 845, 82 S. E. 2d 612; *Barber* v. *Neal,* 114 W. Va. 115, 170 S. E. 906; *State ex rel. United Fuel Gas Co.* v. *DeBerry, Judge, et al.,* 130 W. Va. 418, 43 S. E. 2d 408; *McComas* v. *Warth, Judge,* 113 W. Va. 163, 167 S. E. 96; *Roberts* v. *Paull,* 50 W. Va. 528, 40 S. E. 470; *Wheeling Bridge & T. R. Co.* v. *Paull,* 39 W. Va. 142, 19 S. E. 551; *State ex rel. Boggs* v. *Wood County Court,* 33 W. Va. 589, 11 S. E. 72.

The writ of mandamus is therefore awarded against the respondent, Norman Knapp, Judge of the Circuit Court of Raleigh County, commanding him forthwith to render a decision upon relator's petition for a writ of error now pending before him.

Inasmuch as no relief is asked against the respondent, Sparacino, and the writ is not awarded as to him, it is deemed unnecessary to pass upon the issues raised by his separate demurrer and answer to the petition.

*Writ awarded.*