KANAWHA VALLEY TRANSPORTATION COMPANY

*doing business as*

CAPITOL CITY CAB COMPANY

*and*

KANAWHA VALLEY TRANSPORTATION COMPANY

*doing business as*

DELUXE CAB

*v.*

THE PUBLIC SERVICE COMMISSION OF WEST VIRGINIA

(No. 13603)

Decided November 4, 1975.

*Boyce Griffith* for petitioners.

*Maynard D. McDonnell, Legal Division,* for respondent Public Service Commission.

BERRY, JUSTICE:

This is an appeal by Kanawha Valley Transportation Company from an order of the West Virginia Public Service Commission which revoked certificates of convenience and necessity authorizing it to operate as a common carrier in the transportation of passengers by taxicab service.

On February 16, 1973, apparently as a result of transfer proceedings before the West Virginia Public Service

Commission, the Kanawha Valley Transportation Company was granted the authority under three certificates of convenience and necessity to operate taxicab service from three locations in Kanawha County, West Virginia. Under P.S.C. M.C. Certificate No. 2733, Kanawha Valley, doing business as Capitol City Cab Company, was authorized to operate not more than five motor vehicles as a common carrier in the transportation of passengers by taxicab service in Charleston, West Virginia. Under P.S.C. M.C. Certificates No. 5496 and 4241, Kanawha Valley, doing business as Deluxe Cab, was authorized to operate as a common carrier in taxicab service from stands located near Pocatalico and South Charleston, West Virginia, respectively.

By order dated January 7, 1974, the Public Service Commission initiated proceedings in which Kanawha Valley Transportation Company was made the respondent and was ordered to show cause why the certificates of convenience and necessity described above should not be revoked. The basis for the Commission's order was shown in the notice as follows:

> ". . . [T]he Commission is in receipt of information and complaints that said Kanawha Valley Transportation Company, doing business as Capitol City Cab Company, and as Deluxe Cab, is failing to furnish adequate service to the public under its certificates, that it is operating motor vehicles that are unsafe, unclean, and in need of repair, that it is failing to comply with the safety rules and regulations of the Public Service Commission, that it is failing to comply with the terms and conditions of its certificate [sic], and is otherwise violating the motor carrier laws of the state of West Virginia and the Rules and Regulations of the Public Service Commission of West Virginia."

On March 29, 1974, a hearing was held before the Public Service Commission on the show cause order. All of the evidence presented at the hearing was introduced by the staff of the Commission; the appellant, although

present by counsel, did not introduce any evidence. The bulk of the evidence introduced by the Commission staff related to the results of a number of safety inspections of Deluxe Cab and Capitol City Cab operations. During the period from March 23, 1973 to December 5, 1973, Public Service Commission inspectors issued a total of twelve (12) "out-of-service notices" (citations which effectively put a motor vehicle out of service for defects of such magnitude as to render that vehicle unsafe or unserviceable) and four (4) "vehicle defect reports" (citations for a less serious defect, requiring only that the operator make appropriate modifications). It was further shown that the appellant failed in the instance of six of the twelve out-of-service notices to comply with the Commission requirement of reporting the making of repairs or corrections.

The evidence tended to show that the number of vehicles operated by the appellant in taxicab service declined from thirteen at the time of the commencement of operations under the certificates in question to two by December 5, 1973. On this latter date, a major inspection was conducted by six members of the Public Service Commission's staff. That inspection revealed that of the eight vehicles registered by the appellant at its Capitol City and Deluxe operations, six had been voluntarily taken out of service by the certificate holder. Consequently, Capitol City Cab was not operating any vehicles and Deluxe was only operating two. As a result of the inspection, these two vehicles were ordered out of service by the inspectors for major defects. The combined result of the unilateral actions of the appellant and the citations by the Public Service Commission inspectors was that the appellee had no vehicles operating in the public service on December 5, 1973.

One citizen appeared as an intervenor in the proceeding before the Commission and testified to difficulties encountered in attempting to obtain the services of Capitol City Cab in Charleston. His testimony related to an occurrence of February 19, 1974, which was subsequent

to the issuance of the show cause order by the Commission.

By order dated March 18, 1975, the Public Service Commission concluded that "Kanawha Valley Transportation Company, doing business as Capitol City Cab Company and as Deluxe Cab, has failed to provide and maintain safe and adequate service to the public; that it is operating deteriorated, defective and unsafe motor vehicles, that it is otherwise failing to exercise its rights and duties under its certificates, thereby, violating the Motor Carrier Laws of the State of West Virginia and the Rules and Regulations of the Public Service Commission . . . ." Based on these conclusions, the Commission revoked the three certificates of convenience and necessity held by the appellant.

In detailing the particular facts upon which its order was predicated, the Commission identified three sets of circumstances which were not developed in the evidence at the hearing. First, the Commission found that Capitol City Cab failed to file evidence of liability insurance. This finding was based on a reference to a prior order of the Commission entered on December 27, 1973, suspending the operating authority of Capitol City Cab. Second, the Commission found that the corporate charter of the Kanawha Valley Transportation Company had been revoked for nonpayment of the State corporate license tax. This finding was based on information from the office of the Secretary of State describing an order of the Circuit Court of Kanawha County entered on June 24, 1974, in dissolution proceedings in which the appellant was a party. Finally, the Commission found that Deluxe Cab had never operated as a common carrier under P.S.C. M.C. Certificate No. 5496 by rendering taxi service from a stand near Pocatalico, West Virginia. The Commission made this finding based on a reference to its records which showed that Deluxe Cab had not ever registered any vehicles with the Commission for operation near Pocatalico.

The assignments of error relied on by the appellant for reversal are as follows: (1) the final order of the Commission is based on findings which are not supported by the evidence, (2) the final order of the Commission is not supported by relevant evidence since it was based on facts existing between sixteen and twenty-six months before the rendition of the order, (3) the revocation hearing was not properly instituted in accordance with *Code*, 24A-7-1, as amended, (4) the findings and final order of the Commission should be set aside because of unreasonable delay in the entry of the order following the hearing, (5) the Commission's order is based, in part, on extra-record matters which were not introduced at the revocation hearing and the appellant was thereby denied the right of cross-examination and the right to answer or dispute those matters in violation of its constitutional right to due process of law, and (6) the decision of the Commission was rendered by its Chairman who was not a member of the Commission at the time of the revocation hearing.

The first assignment of error is without merit. The general rule governing appeals from orders of the Public Service Commission is that findings of the Commission will not be disturbed unless such findings are contrary to evidence or without evidence to support them or based on improper application of the law governing such cases. *Boggs v. Public Service Commission*, 154 W. Va. 146, 174 S.E.2d 331 (1970); *United Fuel Gas Company v. Public Service Commission*, 143 W. Va. 33, 99 S.E.2d 1 (1957); *Atlantic Greyhound Corporation v. Public Service Commission*, 132 W. Va. 650, 54 S.E.2d 169 (1949). The appellant contends that the record shows that the inspections revealed only minor defects in the vehicles used by the appellant. This contention is not supported by the evidence. The inspections revealed sixteen defects, twelve of which were major defects involving the safety of operation and which resulted in the vehicles being taken out of service.

From February 16, 1973 until December 5, 1973, the period the appellant operated under the certificates of convenience and necessity, it did not comply with the rules and regulations of the Commission. It did not report when defects were repaired or corrected and the inspections continued to show that the cabs were dirty and not safe for operation because of various serious defects.

On the final inspection on December 5, 1973, before the revocation of the appellant's certificates of convenience and necessity, the appellant had no cabs operating. None of the Capitol City Cabs were in operation and the two cabs operated by Deluxe were placed out of service as a result of the inspection at that time. The record clearly shows that in December, 1973, the appellant was not serving the public in compliance with law. *Code*, 24A-6-1, as amended. This statute requires that:

> "Every motor carrier subject to this chapter shall establish and maintain adequate and suitable facilities, safety appliances, and other suitable appliances and shall perform such service in respect thereto as shall be reasonably safe and sufficient for the security and convenience of the public, . . ."

The record supports the Commission's finding that the appellant failed to provide and maintain safe and adequate service to the public, that it operated deteriorated and unsafe motor vehicles and failed to comply with the duties imposed upon it by its certificates, thereby violating the motor carrier laws of the State of West Virginia and the rules and regulations of the Public Service Commission.

The second and fourth assignments of error will be discussed together because they involve essentially the same matter. The appellant argues that the final order of the Commission is not supported by the evidence because it is based on findings of fact existing between sixteen and twenty-six months before the final order was entered and that the final order must be set aside

because of unreasonable delay in entry of the order after the hearing was held. It is true that cases before the Public Service Commission should be promptly disposed of. This principle applies to any administrative body or court, but the mere delay in the disposition or decision of the case does not vitiate the order or judgment. If a decision is unduly delayed, a proceeding in mandamus may be instituted to compel a decision but not how to decide. *Village of Bridgeport v. Public Service Commission,* 125 W. Va. 342, 24 S.E.2d 285 (1943); Cf., *State ex rel. Cackowska v. Knapp,* 147 W. Va. 699, 130 S.E.2d 204 (1963).

The appellant cites the case of *Atlantic Greyhound Corporation v. Public Service Commission,* 132 W. Va. 650, 54 S.E.2d 169 (1949), in support of its contention. That case does not provide such support; it merely held that the Commission's findings, made two years after the hearing, were not supported by the evidence and that the Atlantic Greyhound Corporation had not been given an opportunity to remedy the inefficiency of its service.

The appellant offered no evidence at the hearing to revoke its certificates of convenience and necessity and does not argue before this Court that it was prejudiced in any way by the delay of the Commission's decision. Neither does the appellant indicate that there have been material changes in the circumstances subsequent to the hearing which would render the evidence received at the hearing inapplicable to the decision.

The third assignment of error that the revocation hearing was not properly instituted is not well taken. It is the position of the appellant that the revocation hearing must be instituted in accordance with *Code,* 24A-7-1, as amended, which provides that any person, firm, association of persons, corporation, municipality or county, may petition the Commission for an inquiry into any alleged violation of the law by a motor carrier subject to the jurisdiction of the Commission. However, this is not the exclusive method of originating proceedings, and an

examination of relevant statutes and regulations indicates that the Commission may, on its own initiative, commence investigations and proceedings for revocation.

*Code*, 24A-1-1, as amended, grants authority to the Public Service Commission, in addition to all other powers conferred upon it, to supervise and regulate the transportation of persons and property for hire by motor vehicles over the public highways of this State so as to protect the safety and welfare of the traveling public. *Code*, 24A-2-5(d), as amended, provides that:

> "The commission may at any time, for good cause, suspend and, upon not less than fifteen days' notice to the grantee of any certificate and an opportunity to be heard, revoke or amend any certificate."

Rule 6(c) of the Rules of Practice and Procedure of the Public Service Commission provides that:

> "In case of an investigation on motion of the Commission, the notice of investigation will take the place of a formal complaint in such proceeding, and shall be served in like manner as a formal complaint unless otherwise ordered."

It therefore appears that the Public Service Commission is authorized to initiate its own investigation and revocation proceedings in order to carry out the duties imposed upon it by statute.

The fifth assignment of error is that the Commission's order must be set aside because it is based on matters which were not introduced at the hearing or which took place after the hearing because the appellant was denied the right to answer, to cross-examination and to rebut the evidence. The reference to the revocation of the corporate charter of the appellant, which occurred after the hearing and which was not developed on the record, was improper and should not have been considered in any manner by the Commission. The Public Service Commission is not limited to strict rules with regard to admissibility of evidence when acting in a quasi-

judicial capacity, *Code*, 24A-5-5(a), as amended, but, with few exceptions, evidence acted on by the Commission in the revocation proceeding must be contained in the record and commissioners cannot act upon their own information. The parties must be fully informed of the evidence submitted or to be considered and must be given an opportunity to cross-examine witnesses, to inspect documents and offer evidence in rebuttal. *Ohio Bell Telephone Company v. Public Utilities Commission*, 301 U.S. 292, 57 S. Ct. 724, 81 L. Ed. 1093 (1937); *U.S. v. Abilene & Southern Railway Co.*, 265 U.S. 274, 44 S. Ct. 565, 68 L. Ed. 1016 (1924); *Interstate Commerce Commission v. Louisville & Nashville Railroad*, 227 U.S. 88, 33 S. Ct. 185, 57 L. Ed. 431 (1913).

There has been a relaxation of the foregoing rule with regard to official records of an administrative body where the party against whom the revocation proceeding is being held has notice or knowledge of the records and an opportunity to offer evidence or to petition for a rehearing. *United States v. Pierce Auto Freight Lines, Inc.*, 327 U.S. 515, 66 S. Ct. 687, 90 L. Ed. 821 (1946); and *Market Street Railway Co. v. Railroad Commission*, 324 U.S. 548, 65 S. Ct. 770, 89 L. Ed. 1171 (1945). Under this rule of official notice, the Public Service Commission's reliance on its own order suspending the operation of the Capitol City Cab for the failure to file evidence of bodily injury and property damage liability insurance, as required by law, was proper in the revocation of the appellant's certificates of convenience and necessity. *Dance Freight Lines, Inc. v. U.S.*, 149 F. Supp. 367 (E.D. Ky. 1957); *Grubb v. Public Utilities Commission*, 119 Ohio St. 264, 163 N.E. 713 (1928); 2 Am. Jur. 2d *Administrative Law* §387.

Notwithstanding the fact that we hold that it was proper for the Commission to take notice of its prior suspension of the appellant's operating authority for Capitol City Cab for failure to file evidence of liability insurance, of which the appellant had notice although not introduced in the record at the time of the hearing,

we cannot help but observe that it would have been a simple matter to have introduced a certified copy of the order at the revocation hearing instead of attaching a copy of the order to the brief filed by the Public Service Commission in this Court. This would have been the more appropriate and proper procedural method of introducing evidence to be considered and no question would have arisen about it on appeal to this Court. In addition, if the Commission intended to rely on its own records for a determination that no vehicles had been registered by Deluxe for service at Pocatalico and that Capitol City was operating from a stand on Patrick Street instead of near the Ferguson Hotel, it should have introduced these official records at the hearing in order to permit the appellant to object, cross-examine, rebut or argue against their implications.

Although we recognize that the Public Service Commission may, in accordance with the well-developed principles governing official notice, occasionally go beyond the confines of the record for information bearing upon its decision, we state unequivocally that we do not favor this procedure except in extremely limited circumstances. The Commission places its decisions and orders in a precarious position when it bases them on extra-record adjudicative facts without advising a party that it intends to do so and without affording the party the opportunity for cross-examination and rebuttal. This is particularly true where there is no cogent or compelling reason for the Commission's failure to offer evidence on the record. *See,* 2 Davis, *Administrative Law Treatise,* §§15.01-15.15 (1958).

The evidence contained in the record with regard to the condition of the vehicles owned by the appellant is adequate to support the decision of the Commission that the appellant failed to provide and maintain safe and adequate service to the public and was operating defective and unsafe motor vehicles under its certificates of convenience and necessity. The evidence clearly shows that some of the vehicles had defective tires, lights,

brakes, and that the cabs were unclean, and this evidence alone, without consideration by the Commission of other matters not in the record, was sufficient to justify its decision revoking the certificates of the appellant. Where an administrative agency entertains both proper and improper evidence and the proper evidence is sufficient to sustain its order, the reviewing court will not reverse unless it is clear that the agency rested its conclusions primarily on the improper evidence. *Norfolk & Western Railway Co. v. Commonwealth,* 162 Va. 314, 174 S.E. 85 (1934).

The sixth assignment of error that the decision of the Public Service Commission was improper because it was rendered by the Chairman of the Commission, who was not a member of the Public Service Commission at the time of the revocation hearing and did not hear the evidence adduced at the hearing, is without merit. Personnel of administrative bodies and courts often change because of illness, death, resignation, transfers or other similar reasons and to hold that a decision is invalid because a deciding member was not present when the evidence was taken would disrupt the continuity of proceedings. It is generally held that an administrative decision is not invalid because a member who participated in a decision was not present when the evidence was taken, provided he considers and acts upon the evidence taken at the hearing. 2 Am. Jur. 2d *Administrative Law* §437; *McGraw Electric Co. v. United States,* 120 F. Supp. 354 (E.D. Mo. 1954); *Cooper v. State Board of Medical Examiners,* 35 Cal.2d 242, 217 P.2d 630 (1950).

For the reasons stated herein, the order of the Public Service Commission revoking Certificate No. 2733 of the Kanawha Valley Transportation Company, doing business as Capitol City Cab, and Certificates No. 5496 and 4241 of the Kanawha Valley Transportation Company, doing business as Deluxe Cab, is affirmed.

*Affirmed.*