450 S.E.2d 641

STATE of West Virginia ex rel. David LACKO, Clinton D. Harman, Jessie Corley, David Naegele, Sr., Robert G. Cox, Stanley Wolen, Ben Shaver, Donald L. Smith, Howard McIntire, Jr., Robert S. Thorne, William Ely, Terry Wilson, James Cole, Jack Huff, George Koontz, Arch Norman, Joseph Aston, Jr., Thomas J. Myers, Gary Fox, Robert Forrester, Carl Kinzy, John Greathouse, James D. Carpenter, Sr., James O. Lawson, James Tonkovich, George Kingan, Edward Krone, Sammy R. Jacobs, Joe Murner, John Manning, William H. Greathouse, Alonzo Butler, Howard Boyd, Charles Rigor, Donald Stackpole, Marshall Adams, Ansel Kisner, Samuel Morris, Roy Mooney, Wiley Cecil, Harold Weekley, Rudolph Strauss, Burley W. Johnson, Eugene Strauss, Lewis Blake, Clarence Whitlatch, Russel Van Fossen, Gerald Walton, Harley Vincent, Virgil Vilinski, Harold Larue, Gerald Keller, Louis G. Peck, Walter Dailey, Othel Richards, Blaine Stewart, John L. Brown, Jr., Hubert Griffeth, Thomas Tichenor, Philip LaCaria, Fred A. Hamrick, Robert Niggemyer, James L. Teague, Robert C. Swann, John Garner, Keven Narick, Robert Taylor, Arthur Sullivan, Frank Hicks, Jr., Julian L. Powell, Petitioners,

v.

Andrew N. RICHARDSON, Workers' Compensation Commissioner, Respondent.

No. 22364.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1994.

Decided Oct. 28, 1994.

Jeffrey V. Mehalic, Scott S. Segal, Segal and Davis, L.C., Charleston, for petitioners.

Darrell V. McGraw, Jr., Atty. Gen., Paige A. Oliverio, Asst. Atty. Gen., Charleston, for respondent.

NEELY, Justice.

In this original proceeding in mandamus, the relators (hereinafter claimants), Workers' Compensation claimants for occupational pneumoconiosis (O.P.) benefits under *W.Va. Code* 23–4–15 [1986] and 23–4–15b [1990], maintain that the respondent, Andrew N. Richardson, the Workers' Compensation Commissioner, has unreasonably delayed determining the compensability of their Workers' Compensation claims. The Commissioner maintains as of 13 September 1994 all the claimants, except Robert C. Swann and James L. Teague, have received non-medical orders on their O.P. claims.[1] According to the Commissioner, Mr. Swann and Mr. Teag-

---

1. The respondent notes that the following claimants had their non-medical orders prior to the filing of this petition: Terry Wilson, Joseph Aston, Jr., Stanley Wolen, Charles Rigor and Jack Huff.

The respondent notes that the following claimants received their non-medical orders after the filing of the petition but before the filing of the respondent's brief on 15 August 1994:

David Lacko, Clinton D. Harman, Jessie Corley, David Naegele, Sr., Robert G. Cox, Ben Shaver, Donald L. Smith, Howard McIntire, Jr., Robert S. Thorne, William Ely, James Cole, George Koontz, Arch Norman, Thomas J. Myers, Gary Fox, Robert Forrester, Carl Kinzy, John Greathouse, James D. Carpenter, Sr., James O. Lawson, James Tonkovich, George Kingan, Edward Krone, Sammy R. Jacobs, Joe Murner, John Manning, William H. Greathouse, Alonzo Butler, Howard Boyd, Donald Stackpole, Marshall Adams, Ansel Kisner, Samuel Morris, Roy Mooney, Wiley Cecil, Harold Weekley, Burley W. Johnson, Eugene Strauss, Lewis Blake, Russel Van Fossen, Gerald Walton, Harley Vincent, Vir-

ue have neglected to complete properly their application forms, thereby failing to provide the employment information necessary for the Commissioner to complete a non-medical order.

Based on the claimants' petition and the Commissioner's response, this Court finds as follows:

Mr. Swann filed his application for benefits on 16 November 1993. On 25 March 1994, the Commissioner's claims deputy returned Mr. Swann's application and requested responses to the application's employment history questions. Mr. Swann's counsel responded on 5 April 1994 [2] by noting that Mr. Swann's employment history between October 1984 and 31 January 1992 had been previously provided on separate sheets of paper and referred to a previous claim number.

Mr. Teague filed his application for benefits on 4 November 1993. On 25 March 1994, the Commissioner's claims deputy returned Mr. Teague's application alleging it was incomplete and requested additional employment information. Mr. Teague's counsel responded on 5 April 1994, by noting that Mr. Teague's employment history between August 1966 and May 1993 had been provided on separate sheets of paper and referred to a previous claim number.

Except for counsel's 5 April 1994 letters for Mr. Swann and Mr. Teague to the Commissioner, none of these claimants' applications, employment history documents or any other records was submitted.

The claimants argue that they are entitled to a non-medical order as required by *W.Va. Code* 23–4–15b [1990].[3] The Commissioner

---

gil Vilinski, Harold Larue, Gerald Keller, Louis G. Peck, Walter Dailey, Othel Richards, Blaine Stewart, John L. Brown, Jr., Hubert Griffeth, Thomas Tichenor, Philip LaCaria, Fred A. Hamrick, Robert Niggemyer, Keven Narick, Robert Taylor, Arthur Sullivan, and Frank Hicks, Jr.

The respondent notes that the following claimants should have received their non-medical orders by 13 September 1994, this case's submission date: John Garner, Julian L. Powell, Rudolph Strauss, and Clarence Whitlatch.

2. According to the petition, "[o]n April 5, 1994, Petitioner Swann's counsel responded to the April 28, 1994 [sic] request for supplemental information from Edward Boyles Occupational Pneumoconiosis Claims Deputy."

3. *W.Va.Code* 23–4–15b [1990] provides:

If a claim for occupational pneumoconiosis benefits be filed by an employee within three years from and after the last day of the last continuous period of sixty days exposure to the hazards of occupational pneumoconiosis, the commissioner shall determine whether the claimant was exposed to the hazards of occupational pneumoconiosis for a continuous period of not less than sixty days while in the employ of the employer within three years prior to the filing of his or her claim, whether in the state of West Virginia the claimant was exposed to such hazard over a continuous period of not less than two years during the ten years immediately preceding the date of his or her last exposure thereto and whether the claimant was exposed to such hazard over a period of not less than ten years during the fifteen years immediately preceding the date of his or her last exposure thereto. If a claim for occupational pneumoconiosis benefits be filed by an employee within three years from and

after the employee's occupational pneumoconiosis was made known to the employee by a physician or otherwise should have reasonably been known to the employee, the commissioner shall determine whether the claimant filed his or her application within said period and whether in the state of West Virginia the claimant was exposed to such hazard over a continuous period of not less than two years during the ten years immediately preceding the date of last exposure thereto and whether the claimant was exposed to such hazard over a period of not less than ten years during the fifteen years immediately preceding the date of last exposure thereto. If a claim for occupational pneumoconiosis benefits be filed by a dependent of a deceased employee, the commissioner shall determine whether the deceased employee was exposed to the hazards of occupational pneumoconiosis for a continuous period of not less than sixty days while in the employ of the employer within ten years prior to the filing of the claim, whether in the state of West Virginia the deceased employee was exposed to such hazard over a continuous period of not less than two years during the ten years immediately preceding the date of his or her last exposure thereto and whether the claimant was exposed to such hazard over a period of not less than ten years during the fifteen years immediately preceding the date of his or her last exposure thereto. The commissioner shall also determine such other nonmedical facts as may in the commissioner's opinion be pertinent to a decision on the validity of the claim. *The commissioner shall enter an order with respect to such nonmedical findings within ninety days following receipt by the commissioner of both the claimant's application for occupational pneumoconiosis benefits and the*

maintains that these claimants' applications lack so much pertinent information that the determinations required by *W.Va.Code* 23–4–15b [1990] cannot be made. The Commissioner argues that *W.Va.Code* 23–4–15 [1986] places the responsibility for filing a claim on the prescribed forms upon the claimant.[4] *See France v. Workmen's Comp. Appeal Bd.,* 117 W.Va. 612, 186 S.E. 601 (1936).

The Commissioner notes that numerous Workers' Compensation applications are filed with sparse employment information and that in the past, his staff has attempted to assist claimants in acquiring this information. According to a supervisor of the Workers' Compensation Office of Benefits Management, a properly completed application "may only require up to forty (40) minutes to review for a non-medical order entry; whereas an incomplete application may require at least one-half of an entire working day for review." The Commissioner also detailed the application problems of several claimants who have now received their non-medical orders. The Commissioner also notes that he has institut-

ed a new policy of "refusing to provide second and third opportunities for claimants to provide needed application data" and is now rejecting incomplete first submission applications without prejudice.

In these remaining claims, the Commissioner, about seventeen months (17) after the applications were filed, contacted the claimants seeking more information. Counsel for the claimants referred the Commissioner to material previously submitted and to previous claims. The record indicates that nothing further has occurred.

Section 17 of Article III of the *West Virginia Constitution* provides, in part, that "justice shall be administered without ... delay." In *State ex rel. Cackowska v. Knapp,* 147 W.Va. 699, 130 S.E.2d 204 (1963), we held that a delay of seventeen months in rendering a decision on a writ of error to an order of a commissioner of accounts was unreasonable. *See State ex rel. Patterson v. Aldredge,* 173 W.Va. 446, 317 S.E.2d 805 (1984) (thirty-

---

*physician's report filed in connection therewith, and* shall give each interested party notice in writing of these findings with respect to all such nonmedical facts and such findings and such actions of the commissioner shall be final unless the employer, employee, claimant or dependent shall, within thirty days after receipt of such notice, object to such findings, and unless an objection is filed within such thirty-day period, such findings shall be forever final, such time limitation being hereby declared to be a condition of the right to litigate such findings and hence jurisdictional. Upon receipt of such objection, the commissioner shall set a hearing as provided in section one [§ 23–5–1], article five of this chapter or the chief administrative law judge shall set a hearing as provided in section one-h [§ 23–5–1h], article five of this chapter. In the event of an objection to such findings by the employer, the claim shall, notwithstanding the fact that one or more hearings may be held with respect to such objection, mature for reference to the occupational pneumoconiosis board with like effect as if the objection had not been filed. If the commissioner or administrative law judge concludes after the protest hearings that the claim should be dismissed, a final order of dismissal shall be entered, which final order shall be subject to appeal in accordance with the provisions of section one or section one-i and section three [§ 23–5–1 or § 23–5–1i and § 23–5–3], article five of this chapter. If the commissioner or administrative law judge concludes after such protest hearings that the

claim should be referred to the occupational pneumoconiosis board for its review, the order entered shall be interlocutory only and may be appealed only in conjunction with an appeal from a final order with respect to the findings of the occupational pneumoconiosis board. [Emphasis added.]

4. *W.Va.Code* 23–4–15 [1986] states, in pertinent part:

To entitle any employee to compensation for occupational pneumoconiosis under the provisions hereof, the application therefor must be made on the form or forms prescribed by the commissioner and filed in the office of the commissioner within three years from and after the last day of the last continuous period of sixty days or more during which the employee was exposed to the hazards of occupational pneumoconiosis or within three years from and after the employee's occupational pneumoconiosis was made known to him by a physician or which he should reasonably have known, whichever shall last occur, and unless so filed within such three-year period, the right to compensation under this chapter shall be forever barred, such time limitation being hereby declared to be a condition of the right and hence jurisdictional, or, in the case of death, the application shall be filed as aforesaid by the dependent of such employee within two years from and after such employee's death, and such time limitation is a condition of the right and hence jurisdictional.

three month delay in ruling on a motion for summary judgment is unreasonable); *Graley v. Workman*, 176 W.Va. 103, 341 S.E.2d 850 (1986) (twenty-nine month delay in ruling on a divorce petition is unreasonable).

■ Generally, a Workers' Compensation benefits application can require a claimant to furnish the information reasonably necessary to enable the Commissioner to determine the validity of his Workers' Compensation claim: Provided that such information is either known to the claimant or can be readily obtained by the claimant. When a claimant fails to provide the information required on his benefits application, the Commissioner, *without delay,* shall notify the claimant of the missing information. In cases where the claimant, through no fault on his part, is unable to provide the information, the Commissioner shall make reasonable efforts to assist the claimant in obtaining the information. However, if the claimant refuses to cooperate with the Commissioner in gathering the information, the Commission shall reject, without prejudice, the claimant's application. The process of notifying the claimant of insufficient information should be completed within thirty (30) days after the Commissioner receives an application.

■ In these claims, we find that the Commissioner has not entered the non-medical orders "within ninety days" after receiving the application and physician's report as required by *W.Va.Code* 23–4–15b [1990]. *See* note 3 for the complete text of *W.Va.Code* 23–4–15b [1990]. The claimants were not contacted about their applications' missing employment information until seventeen (17) months after their applications were filed. Because of the Commissioner's delay in seeking this information, the claimants' applications should not be rejected, even without prejudice, because of *W.Va.Code* 23–4–15 [1986]'s time limitations. *See* note 4 for the pertinent text of *W.Va.Code* 23–4–15 [1986]. Rather the Commissioner should examine the information provided and within thirty (30) days, issue the appropriate non-medical orders. If the claimants object to the non-medical orders, they can file a protest and begin litigation.

The Commissioner's ability to require a claimant to provide reasonable information should not become an excuse for mindless paper work that merely delays payment of just claims. If the Workers' Compensation Fund lacks sufficient resources to pay just claims, the legislature has the responsibility either to change the system or to appropriate sufficient funds. The Commissioner cannot administer the Fund with smoke and mirrors; especially when such voo-doo accounting procedures deny or delay injured workers' receipt of deserved payments.

■ But a claimant has an obligation to furnish the Commissioner with information he knows or can readily obtain to aid in the proper determination of his claim. In the claims before us, although the Commissioner's delay has been unreasonable, the blame for the continuing delay must be shared with the claimants and their counsel. Neither the claimants nor their counsel attempted to assist when additional employment information was sought. Rather, the claimants' counsel resubmitted the same handwritten employment information and referred to previous claims—an attempt to shift the responsibility for securing employment information for these claimants onto the Commissioner. This lack of cooperation should not be rewarded with attorney's fees and costs.

These claims demonstrate the need for cooperation from all parties to insure an efficient compensation system that treats claimants with dignity. The Commissioner's efforts to assist claimants in obtaining employment information are commendable because such assistance furthers the system's goals. However, the system cannot function without adequate information that should be supplied as fully as possible by claimants and their lawyers.

■ In Syl. pt. 8, *State ex rel Dillon v. Egnor*, 188 W.Va. 221, 423 S.E.2d 624 (1992), we stated:

" 'Mandamus will not lie to direct the manner in which a trial court should exercise its discretion with regard to an act either judicial or quasi-judicial, but a trial court, or other inferior tribunal, may be compelled to act in a case if it unreason-

ably neglects or refuses to do so.' *State ex rel. Cackowska v. Knapp,* 147 W.Va. 699, 130 S.E.2d 204 (1963)." Syllabus Point 2, *State ex rel. Patterson v. Aldredge,* 173 W.Va. 446, 317 S.E.2d 805 (1984).

Therefore, we conclude that the claimants have established all the legal prerequisites for the issuance of a peremptory writ of mandamus to compel the Commissioner to issue non-medical orders within thirty (30) days of this opinion. However, in this case, we decline to award attorneys' fees and costs because the claimants and their counsel have not fully cooperated with the Commissioner in claims of the remaining two claimants.

For the above stated reasons, we grant a writ of mandamus, as moulded.

Writ granted, as moulded.

BROTHERTON, C.J., did not participate.

MILLER, J., Retired, sitting by temporary assignment.