516 S.E.2d 488

**STATE of West Virginia ex rel. Dominique RAHMAN, Petitioner,**

v.

**Honorable Herman G. CANADY, Jr., Judge of the Circuit Court of Kanawha County, Respondent.**

No. 25843.

Supreme Court of Appeals of West Virginia.

Submitted May 4, 1999.

Decided May 26, 1999.

Steve Warner, Esquire, Deputy Public Defender, Charleston, West Virginia, Attorney for Petitioner.

Mary Beth Kershner, Esquire, Assistant Prosecuting Attorney, Charleston, West Virginia, Attorney for Respondent.

PER CURIAM:

In this original proceeding in mandamus, the relator, Dominique Rahman, claims that the respondent Judge of the Circuit Court of Kanawha County has failed to comply with the mandate set forth by this Court in *State v. Rahman*, 199 W.Va. 144, 483 S.E.2d 273 (1996). In this proceeding, he prays that the Court issue a Writ of Mandamus directing the respondent to comply with that mandate.

## I.

### Facts

The relator, Dominique Rahman, was the appellant in the case of *State v. Rahman, id.* In that case, he claimed that the trial court, during his original trial, had failed to afford him an appropriate hearing, and had failed to make findings, as required by *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), when he challenged that State's peremptory strike of a black juror. After discussing the issue, we, in *State v. Rahman, supra,* recognized that the relator had established that he was a member of a cognizable racial group and that the prosecution had used a peremptory challenge to exclude a member of his race from the group while leaving a white person on the panel. We concluded that under the particular circumstances of the case, and the principles set forth by the Supreme Court of the United States in *Batson v. Kentucky, supra,* the State had an obligation to explain why it did not strike the similarly-situated, white, prospective juror. Also, the trial court had an obligation to determine whether that explanation was credible or whether the State's explanation was a pretext for racial discrimination. We stated:

> In assessing a *Batson* challenge, the trial court must consider a party's assertion that a similarly situated prospective juror was not challenged, both in determining whether the defendant has stated a prima facie case of discrimination, and in deciding whether the explanation given by the prosecution was a pretext for racial discrimination. In order for the trial court to make the latter determination, the State must articulate a credible reason for the different treatment of similarly situated black and white jurors.

199 W.Va. at 156, 483 S.E.2d at 285.

We also stated:

> Because it did not do so, we remand this case to the circuit court for a hearing on the Appellant's *Batson* challenge. On such remand, the circuit court should give the State an opportunity to explain the inconsistency and should then determine wheth-er the reason is a pretext for racial discrimination.

199 W.Va. at 157, 483 S.E.2d at 286.

After this Court remanded the relator's case to the circuit court, the State of West Virginia filed a legal memorandum with the circuit court explaining why it did not strike the white prospective juror and addressing the legal arguments discussed in our prior opinion in the case. The relator also filed a memorandum concerning the issues.

Following the filing of the memoranda by the parties, the respondent judge of the circuit court issued an order in which it was stated that it was the court's hope that the mere filing of the State's articulation satisfied the requirements of this Court's remand directives.

In a letter dated July 28, 1998, the relator's counsel pointed out that this Court's remand directions included the requirement that the circuit court make a determination of the substantive issues in the case. After receiving this letter, the respondent judge on October 31, 1998, conducted a hearing in which he indicated that he would not make a determination in the case.

Subsequently, on November 19, 1998, the respondent judge entered another order in which the respondent stated:

> And the Court upon reflection of this latest Motion to Reconsider, is mindful once again that its ruling will affect more than whether a particular juror is seated or not, but will determine whether an existing conviction will stand or not. Therefore, this Court is wary not to liberally overstate the interpretation of the directive of the Remand order. To do so might cause this Court to go beyond its fact finding function, and may cause, instead, this Court to invade the appellate sphere of the highest court. This Court will cautiously adhere to and affirm its previous ruling entered April 28, 1998.

In the present proceeding, the relator claims that under the remand, the respondent judge had a legal obligation to make a determination of whether the State's peremptory strike of the black juror during the relator's trial was proper under *Batson v.*

*Kentucky, supra,* and in light of the respondent judge's failure and refusal to do so, the relator prays that this Court issue a writ of mandamus directing the respondent judge make such a determination.

## II.

### Discussion

In Syllabus Point 2 of *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969), this Court indicated that:

> A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

*See also* Syllabus Point 2, *Staten v. Dean,* 195 W.Va. 57, 464 S.E.2d 576 (1995). The Court has also indicated that while a writ of mandamus will not issue to control the way in which a court rules in a judicial matter, a trial court may be compelled to act in a case if it unreasonably neglects or refuses to do so. Specifically, in the Syllabus of *State ex rel. Cackowska v. Knapp,* 147 W.Va. 699, 130 S.E.2d 204 (1963), we said:

> Mandamus will not lie to direct the manner in which a trial court should exercise its discretion with regard to an act either judicial or quasi-judicial, but a trial court, or other inferior tribunal, may be compelled to act in a case if it unreasonably neglects or refuses to do so.

*See also,* Syllabus Point 2, *State ex rel. Lacko v. Richardson,* 192 W.Va. 52, 450 S.E.2d 641 (1994).

In *State v. Rahman, supra,* the decision which gives rise to the present case, this Court specifically stated that on remand, the circuit court should give the State the opportunity to explain the inconsistency in its juror selection process and, secondly, we rather plainly indicated that such an explanation was necessary for the trial court to make a determination of whether improper discrimination had occurred. That we contemplated that the trial court make a determination seems plain from the following:

> In assessing a *Batson* challenge, **the trial court must consider … in determining** whether the defendant has stated a prima facie case of discrimination, and in deciding whether the explanation given by the prosecution was a pretext for racial discrimination. **In order for the trial court to make the latter determination,** the State must articulate a credible reason for the different treatment of similarly situated black and white jurors. [Emphasis added.]

199 W.Va. at 156, 483 S.E.2d at 285.

After examining the documents filed in the present case, we conclude that the trial court did comply with the first requirement of our mandate, that is, that the trial court afforded the State an opportunity to explain the inconsistency in its juror selection process. We cannot, however, find that the circuit court has made a ruling as to whether the reason advanced by the State was a mere pretext for racial discrimination. Our conclusion is that the trial court has not complied with the second requirement of the remand.

As previously indicated in *State ex rel. Cackowska v. Knapp, supra,* mandamus will lie to compel a lower court to act in a case if it neglects or refuses to do so. We have concluded that the relator has a clear legal right to a determination of whether the reason advanced by the State was a mere pretext for racial discrimination and that the respondent judge has a legal duty under our decision in *State v. Rahman, supra,* to render a ruling on that question. We have also concluded that another remedy will not adequately address the problem which the relator raises.

A writ of mandamus is, therefore, issued directing the respondent Judge of the Circuit Court of Kanawha County to make the ruling sought by the relator.

Writ issued.