# CHARLESTON.

MILLER, SHERIFF *v.* COUNTY COURT OF TUCKER COUNTY.

*(HOLT, JUDGE, Absent.)

Submitted June 12, 1890.—Decided December 3, 1890.

1. MANDAMUS.
    Where an inferior tribunal is authorized to use its discretion and proceeds to exercise such discretion, it can not be controlled by *mandamus* in judicially determining questions properly presented for its consideration and within its jurisdiction.

2. MANDAMUS.
    If any such inferior tribunal refuse to exercise its discretion and render its judgment, it may be compelled to act by *mandamus*, but the manner of its action or result of its decision can not thus controlled.

3. MANDAMUS—APPEAL—WRIT OF ERROR—CERTIORARI.
    When such inferior tribunal has acted, and rendered its decision and judgment, the writ of *mandamus* will not be allowed to usurp the province of an appeal or writ of error or *certiorari*, and its action can not thereby be reviewed or reversed.

*A. B. Parsons* for plaintiff in error, cited: 28 W. Va. 168, 169 ; Code (1887) c. 40, s. 6.

*W. B. Maxwell* for defendant in error, cited:
Code c. 29, s. 67 ; Code c. 50, s. 8 ; 12 Gratt. 85 ; 16 Gratt. 321 ; 20 W. Va. 351 ; Code c. 46, s. 30 ; Code c. 39, s. 31 ;

---

*Case submitted before Judge Holt's appointment.

Code c. 46, s. 30 ; Code c. 39, s. 39 ; Code c. 40, s. 6 ; Code c. 43, s. 22 ; Code c. 30, s. 28 ; Code c. 37, s. 45 ; Steph. Pl. 267 (s. p.) ; 4 Min. Inst. Pt. I. 365.

ENGLISH, JUDGE :

M. V. Miller, sheriff of Tucker county, paid off as such sheriff certain small judgments, which had been obtained by different parties against the County Court of said county before a justice of the peace ; and at the June term, 1886, of said County Court said sheriff made his report under section 34 of chapter 39 of Warth's Code, page 288, respecting his receipts and disbursements and included said judgments in said report, filing the original transcripts of said judgments, which had been paid and taken up by him as aforesaid, together with his other vouchers ; and said court referred said report and vouchers to two commissioners appointed to settle with public officers, who rejected said judgments, and refused to give said sheriff credit therefor, and returned their report to said County Court. They also rejected an item charged in said sheriff's account of thirty seven dollars and thirty five cents, for guarding the court-house of said county ; and allowed said sheriff seven and a half *per cent.* commission on all funds collected and disbursed by said sheriff except on seven hundred and seventy seven dollars and fifty four cents county fund, and four hundred and nine dollars and twenty five cents road-fund, received from railroad-tax, on which amount said court allowed said sheriff five *per cent.* commission, two and a half *per cent.* having been deducted by the auditor in favor of the railroad for prompt payment ; and, upon examination of said report, held said accounts to be correctly stated, and confirmed the same.

Said M. V. Miller, sheriff, by his counsel, excepted to the confirmation of the report and settlement made by said commissioners, (1) because said commissioners allowed said sheriff but five *per cent.* commission on seven hundred and seventy seven dollars and fifty four cents, the amount charged as railroad-tax in the county-fund ; (2) because said commissioners allowed said sheriff but five *per cent.* commission on

four hundred and nine dollars and twenty five cents, the amount charged as railroad-tax in Fairfax district road fund; (3) because said commissioners did not allow said sheriff the sum of thirty seven dollars and thirty five cents, the amount of sundry judgments against the county, which are embraced in the report of said sheriff, and proper vouchers thereof filed with said commissioners. Thereupon said sheriff presented a petition to the Circuit Court of said county setting forth these facts, and praying that a writ of *mandamus* be awarded compelling said County Court to allow him credit with the amount of said judgments, and with the amount of said commission.

To this petition the said County Court demurred, and also made a return that said judgments were obtained by parties summoned by said sheriff to guard the court-house and Circuit Court clerk's office during a contest for the office of clerk, without any cause for the public good, or for the protection of public property, and for the purpose of subserving private interests; that the president of the court on whom the summonses were served did not defend said suits, or make it known to other members of the court that said suits were brought, and after a part of said judgments were rendered, within fourteen days therefrom, other members of the court moved the said justice to open said causes, but he refused to entertain the motion, and thereafter the defendant caused notice to be served upon said sheriff not to pay the said judgments or claims for said useless and unlawful service, and being cognizant of the allegations aforesaid, and knowing what said judgments were obtained for, and believing they were obtained by fraud, it had a right to refuse to order them paid, and, under the laws of the state, it had a right to allow the said sheriff the commission it did allow him for railroad taxes.

Upon this state of pleading, the court considered said return insufficient, and awarded a peremptory writ of *mandamus*, directed to the County Court of Tucker county, commanding it at its next settlement with said M. V. Miller, sheriff, as aforesaid, to allow him credit by the amount of the several judgments and credits, by the amount of commissions in the petition and proceedings mentioned,

and gave said sheriff a judgment for costs, from which judgment said County Court applied for and obtained a writ of error to this Court.

The questions which must control us in the determination of this case, as we think, are raised by the demurrer. Upon the facts stated in said petition for the writ of *mandamus* was the defendant entitled to the peremptory writ against the County Court of Tucker county, which was awarded him in the order complained of? By the thirty fourth section of chapter 39 of the Code the sheriff is required, at the end of the fiscal year, to render to the County Court a full statement of his account for that fiscal year, showing the balance due by or to him at the commencement of the account *etc.* If the court, upon examination of said report, find the account to be correctly stated therein, it shall approve the same, and cause it to be entered in full upon the proper order-book of the court; but, if said account be found incorrect, the court shall make a restatement thereof, correcting the errors and omissions in the account as stated by the sheriff, which corrected account shall be entered in full on said record-book *etc.*

Now it will be perceived at once that the County Court is to examine said report, and decide whether it is correctly stated, and approve the same if found correct. To determine this matter the court must exercise its discretion, and it did so in this case, and determined that the report and statement made by said commissioners was correct in disallowing the credits claimed by said sheriff. This action of the County Court required the exercise of its judgment, and in such cases *mandamus* will not lie. In the case of *Satterlee* v. *Strider*, 31 W. Va. 789 (8 S. E. Rep. 552) Snyder, J., delivering the opinion of the court, said: "It is only where the act required is ministerial, and the duty to be performed is fixed and defined, or at least ascertainable from the facts, that *mandamus* will lie to compel its performance. It may be employed to compel the exercise of discretion, but never to control its exercise. See *State* v. *Buchanan*, 24 W. Va. 385, where this Court held that, while it is true the exercise of judicial discretion will not be controlled by *mandamus*, yet it is equally true that *mandamus*

is proper to compel the exercise of discretion." See, also, *Wintz* v. *Board, etc.*, 28 W. Va. 227.

It will be perceived that the difference between the case under consideration and those just referred to is that in this case the County Court did not refuse to exercise its discretion, but, having exercised it to the fullest extent by passing upon and approving the report of the commissioners in regard to the settlement with said sheriff, he is seeking to control and change the results of the exercise of said discretion by *mandamus*, which, we have seen, this Court has held can not be done.

High on Extraordinary Legal Remedies, page 39, § 31, 32 says: 31. "The most important branch of the jurisdiction by *mandamus* is that which pertains to the writ as a remedy for the inaction or misconduct of public officers, charged with the performance of duties of a public nature, and the writ is most frequently granted to set in motion such officers, and to compel their action in cases where they have refused or neglected the performance of their official duties." 32. "It is to be premised that the jurisdiction by *mandamus* over the official acts of public officers is exercised for the purpose of stimulating, rather than of restraining, their action; and, while officers who are backward or dilatory in the exercise of their functions may properly be set in motion by *mandamus*, yet when they are once in motion, and are proceeding to discharge a duty imposed upon them by law, they are no longer subject to the control of the writ."

The courts seem disposed to zealously guard the province of the writ of *mandamus* and are uniform and decided in holding that it will not be awarded, where the petitioner has another adequate and complete remedy. See High, Extr. Rem. p. 165, § 188, in which the author says; "The review of the authorities cited in the preceding sections has shown the doctrine to be too firmly established to be easily shaken that the existence of another adequate and specific remedy is a sufficient bar to the exercise of the jurisdiction by *mandamus*, and that the writ is never granted when the grievance complained of may be corrected on error or appeal. Closely allied to this doctrine, and founded upon the

37

same reasoning, is the principle that *mandamus* will not be allowed to take the place or usurp the functions of an appeal or writ of error."

The true test is whether the inferior tribunal has acted judicially either upon a question of law or fact, properly brought before it. Its decision, however erroneous it may be, can not be reviewed or reversed by *mandamus*, and I can see no good reason why the defendant in error, if he thought himself aggrieved by the action of the County Court aforesaid, could not have applied for a writ of *certiorari* to the Circuit Court, and had said decision and action of the County Court reviewed in said Circuit Court.

For these reasons I am clearly of opinion that the court below erred in not sustaining the demurrer to said petition for the writ of *mandamus*, and in awarding said writ. The judgment must be reversed, and the defendant in error must pay the costs of this writ, and also the costs in the court below.

REVERSED.