## CHARLESTON.

### FLESHMAN v. McWHORTER.

Submitted September 2, 1903.   Decided November 21, 1903.

54  161
60  412

54  161
62  525

1. COURT COST—*Mandamus.*
   In awarding or refusing costs under section 6 of chapter 138 of the Code of 1899, the judge of a circuit court acts judicially and the writ of *mandamus* does not lie to control his discretion. (p. 165).

2. APPEAL—*Mandamus.*
   Failure of the law to give a right of appeal, where a party feels that he has been injured by a decision, affords no ground for an application for the writ of *mandamus.* (p. 166),

3. COURTS—*Jurisdiction.*

There is no absolute right in a suitor to have a decision against him reviewed, which must be respected in making laws, and, in the absence of a constitutional inhibition, it is within the power of the legislature to prescribe the cases and the courts in which parties shall be entitled to appellate remedies. (p. 166).

4. APPEAL.

One trial, without review, fulfills the maxim that there is a remedy for every wrong. Allowing appeals and writs of error in some cases only permits the remedy to be further pursued in them than in those as to which such provisions are not made. (p. 166).

Appeal from Circuit Court, Greenbrier County.

*Mandamus* by D. M. Fleshman against McWhorter, J. M., judge, *et al.* Judgment for defendant and plaintiff appeals.

*Writ Refused.*

WILLIAMS & DICE, for petitioner.

PRESTON & WALLACE, for respondent.

POFFENBARGER, JUDGE:

D. M. Fleshman asks that a peremptory writ of *mandamus* issue against Hon. J. M. McWhorter, Judge of the circuit court of Greenbrier County, requiring him to enter a judgment for costs in favor of petitioner in an action of trespass on the case in which he was plaintiff and D. F. Hedrick was defendant, and in which the plaintiff recovered a judgment for one dollar.

The action was for breaking, entering and trespassing upon the plaintiff's close. No other cause of action is set out in the declaration, and the plea was "Not guilty." But it is claimed by the petitioner that the action was brought for the purpose of determining in this indirect way, a controversy between the plaintiff and defendant concerning a right of way over the plaintiff's land. They own adjoining tracts of land, the titles to which were derived from a common source, David Herrick, who conveyed the land now owned by the plaintiff to S. A. Hedrick in 1875, who, in 1896, conveyed to the plaintiff. David Hedrick conveyed to the defendant his land in 1901. An old pathway led across the lands of both parties and the defendant claimed a right of way through the plaintiff's land along said pathway, by pres-

cription. or long user thereof, claiming it had been so used for sixty years or more. Plaintiff had forbidden the defendant to use the pathway and obstructed it by increasing the heighth of the fense and in other ways, but afterwards the defendant had entered and torn away the obstructions and continued to use it against the will of the plaintiff.. These facts appear from an agreed statement of facts incorporated in a bill of exceptions and exhibited with the petition, together with the pleadings and orders in the case.

Upon the trial there was a verdict for the plaintiff with damages assessed at one dollar, for which sum the court entered a judgment, but refused to give judgment for plaintiff's costs, amounting to $64.30, and also to certify that the object of the action was to try a right other than the mere right to damages for the trespass complained of.

The trial judge and the attorneys for the defendant were of the opinion that judgment for costs in the action is forbidden by section 6 of chapter 138 of the Code, reading as follows: "In any personal action not on contract, which might be brought and prosecuted to judgment in a justice's court, if a verdict be found for the plaintiff, on an issue or otherwise, for less damages than fifty dollars, he shall not recover, in respect to such verdict, any costs, unless the court enter of record that the object of the action was to try a right besides the mere right to recover damages for the trespass or grievance in respect of which the action was brought, or that the said trespass or grievance was wilful or malicious." The attorneys for the plaintiff insist that the action was one which could not have been brought and prosecuted to judgment in a justice's court, as it involved the title to real estate, that there was a plain duty resting upon the judge to enter the certificate, even if the case did fall within that statute, and that the plaintiff has no remedy for his costs, unless it be by *mandamus*.

The rendition of a judgment of any kind is the exercise of a judicial function and power. *Mandamus* will not lie to control the exercise of the discretion of any court, board or officer when the act complained of is either judicial or *quasi* judicial in its nature. *State* v. *County Court*, 33 W. Va. 589. An inferior tribunal may be compelled to act in such cases, if it neglects or refuses to do so, but *mandamus* is not a remedy by which it can be

compelled to enter any particular judgment, or to act in any particular manner. By this writ, the inferior court, board or officer can only be compelled to move, but not to move in any particular way. Its discretion cannot be controlled. *Miller* v. *County Court*, 34 W. Va. 285; *State* v. *Herrald*, 36 W. Va. 721; *Marcum* v. *Commissioners*, 42 W. Va. 263. These authorities, as well as many others, further hold that if such court, board or officer is acting in respect to the matter which is the subject of complaint, or has acted upon it, *mandamus* does not lie at all. If the court is proceeding to act, and commits an error, or has completed its function and erred in doing so, the remedy, if any, is by some form of appellate procedure.

Though these general principles are decisive of the case, the following authorities more directly in point are cited: In *Jansen* v. *Davidson*, 2 Johns. Cas 72, there was a recovery of a sum less than twenty-five dollars, and the court refused a judgment for costs. Thereupon a *mandamus* was asked for and the superior court refused it, saying: "The court below have exercised their judgment on the question of costs. If they were wrong, it was an error of judgment merely, and the proper remedy is by a writ of error." In *Chase* v. *Canal Co.*, 10 Pick, 244, costs were refused in a condemnation proceeding, a writ of *mandamus* was applied for, and the court refused it, without expressing any opinion as to whether the petitioners were entitled to costs, because the commissioners against whom this remedy was sought had acted in a judicial capacity upon a question properly submitted to their judgment. In *State* v. *Judge*, 3 Wis. 707, the court held that, if the judge or court errs in the taxation of award of costs, a *mandamus* is not the proper remedy to correct the error. In the opinion, the court said: "To direct in this way the judge to decide the questions involved would be a gross perversion of the proper office of a writ of *mandamus.*" To the same effect is *ex parte Nelson*, 1 Cowen (N. Y.) 417, where a writ of *mandamus* was applied for to compel the common pleas court to enter a judgment for costs. Savage, Chief Justice, said: "A *mandamus* is proper, where a party has a legal right, and there is no other appropriate legal remedy, and where, in justice, there ought to be one, but where a discretion is vested in any inferior jurisdiction, and that jurisdiction has been exercised, a *mandamus* will not be granted, because this court can-

not control and ought not to coerce that discretion." The same principle is applied in *People* v. *New York C. P.*, 19 Wend 113. In *ex parte Many*, 14 How. 24, the Supreme Court of the United States refused a *mandamus* to compel the circuit court to tax and enter, in the blank left in its order, the amount of the costs. Chief Justice Taney said: "This court might unquestionably issue a *mandamus* to the court below to proceed to judgment. But in this case the court has proceeded to judgment, upon the question submitted for its decision. And whether that judgment be erroneous or not, this court has no jurisdiction to re-examine it in a proceeding by *mandamus*." See also Merrill on Mandamus, sections 187, 201. High on Extraordinary Legal Remedies, sections 159, 182, 193.

That the function performed by the court, in passing upon the question of costs in the case out of which this proceeding has grown, is judicial, is perfectly clear. The authorities cited show that in awarding costs the court acts judicially. Hence, if the right to costs were clear and indisputable, and the court had refused a judgment therefor, *mandamus* would not lie. In this case the court was called upon not only for a judgment for costs, but also for an entry upon the record of a certificate to the effect that a right besides the mere right to recover damages had been involved in the action. The entry of such certificate calls upon the court for the exercise of judgment, and the application of legal principles to the pleadings and evidence in order to determine the nature of the controversy. In some cases, the nature of the right involved is apparent, requiring no consideration whatever, and it might be said that, in entering the certificate, the court acts ministerially, but it does not. Where the action is brought upon a bond and there is no defense, the duty of the court is plain, but in pronouncing judgment it acts judicially, nevertheless.

Council for the petitioner urge in support of this application the want of any other remedy. As applicable to this phase of the case, the following is quoted from Spelling on Extraordinary Remedies, at section 1373: "It does not necessarily follow that because the law by ordinary methods of procedure does not afford an adequate remedy, relief will be given by *mandamus*. There are many cases of wrong, and consequent damage to the party, resulting from omitted duty, wherein the law affords

no redress in the usual forms, and where yet the courts refuse to grant relief by *mandamus*. Though a party may fancy himself injured by a decision of an inferior court upon a matter where the law gives no right of appeal, yet this circumstance alone does not entitle him to relief by *mandamus*. The desirability of having the matter finally settled in the first instance may have been the prevailing motive of the legislature in withholding the right of appeal."

On an application for a writ of prohibition, this Court has applied the principle, holding that the writ does not lie for error committed, or about to be committed by a circuit court, in respect to a matter which is clearly within its jurisdiction, notwithstanding the lack of a remedy by appeal. *Sperry* v. *Saunders,* 50 W. Va. 70, 74. Failure to give an appeal or writ of error in every case is not the result of oversight in the people in the adoption of the constitution, nor of the legislature in making laws under it. On the contrary, there is a deliberate purpose to set limits upon litigation, after one trial in a court having jurisdiction, and put an end to controversy. Though writs of error came into use, as common law remedies, more than seven centuries ago, there is no absolute right in a suitor to have a decision reviewed, which must be respected in making laws, and, in the absence of some constitutional inhibition, it is within the power of the legislature to prescribe the cases in which, and the courts to which, parties shall be entitled to bring a cause for review. 2. Cyc. 507. While the law is supposed to give a remedy for every wrong, this relates to the wrong constituting the cause of action, not mere errors in procedure. The people, in framing the constitution, and the legislature in passing statutes, have full and complete discretion and power to determine whether a review shall be allowed, and, if none is provided for, the courts have no power to give it. The law gives one trial on every cause of action. As to some, the judgments and decrees of the trial court may be reviewed, as to others they may not. There is a remedy for every wrong, but in some cases it is more ample, and may be pursued further, than in others. There is no appeal from the judgment of a justice when the amount in controversy does not exceed fifteen dollars, exclusive of interests and costs, nor any appellate jurisdiction in this Court, in controversy pecuniary in character when the amount does not

exceed one hundred dollars, exclusive of costs. Hardships result in a few instances, but the courts can give no relief. Against these the law-makers have set the benefits of fixing bounds to litigation and said that, upon the whole, the public good is subserved, notwithstanding occasional instances of injustice. The courts cannot entertain complaints founded upon a supposed lack of wisdom or propriety in the exercise of the powers vested in law-making bodies.

The principles and authorities above referred to forbid the awarding of the peremptory writ. It must be refused, the alternative writ quashed, and the petition dismissed.

*Writ Refused.*