## *In re* HEIDEMAN

JUDGES—REMOVAL OF JUDGE—JUDICIAL TENURE COMMISSION—FINDINGS—DUE PROCESS—APPEAL AND ERROR.

> The Judicial Tenure Commission's findings and recommendation that a district judge be removed from office are adopted by the Michigan Supreme Court and that Court removes the judge from office for persistent failure to perform his duties and conduct that is clearly prejudicial to the administration of justice where the Judicial Tenure Commission found, at hearings consistent with due process, that the judge had acted in a manner inconsistent with his responsibilities as a district judge in that, among other things, he failed to order jury trials upon request; persistently failed to process, try, and dispose of cases, both misdemeanor and felony; and failed to keep an accurate record of proceedings in his court.

Review by the Supreme Court of a recommendation of an order of removal by the Judicial Tenure Commission. Submitted June 6, 1972. (No. 2 June Term 1972, Docket No. 53,425.) Decided June 20, 1972.

The Judicial Tenure Commission recommended an order of removal against District Judge Bert M. Heideman. On consideration by the Supreme Court, order of removal to be issued.

*Bruce D. White,* for the Judicial Tenure Commission.

*Bert M. Heideman, in propria persona.*

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur 2d, Judges § 84.

T. G. KAVANAGH, J.   This case is based on a recommendation of the Judicial Tenure Commission that respondent, District Judge for the 99th Judicial District, be removed from office.

On December 12, 1969, the commission filed its first formal complaint against respondent.  Honorable Stuart Hoffius was appointed Master, and a hearing on the complaint was held on March 23, 1970.  The Master's findings were received by the commission on May 22, 1970, and the commission subsequently recommended that respondent be removed from office.  This Court remanded the case to the Master for the purpose of taking additional testimony.

On May 12, 1971, the commission filed its second formal complaint against respondent, and petitioned this Court for interim suspension.  This Court by order entered June 17, 1971, consolidated both complaints.  The petition of interim suspension was held in abeyance pending the hearing before the Master.

The hearings on the consolidated complaints were held before the Honorable Stuart Hoffius beginning on August 30, 1971, and were concluded on October 11, 1971.  On March 22, 1972, the Judicial Tenure Commission again recommended that respondent be removed from office.

The commission found that respondent had acted in a manner inconsistent with his responsibilities as a district judge.   More particularly, they found, among other things, that respondent failed to order jury trials upon request; that he persistently failed promptly to process, try, and dispose of cases, both misdemeanor and felony; and that he failed to keep an accurate record of proceedings in his court.   It should be pointed out that nowhere was respondent charged with malicious or immoral behavior.

We feel that the hearings before the Master afforded respondent all of his rights consistent with due process. Respondent presented his own evidence and had full opportunity to examine the commission's witnesses. We therefore adopt the commission's findings and recommendation and remove respondent from office for persistent failure to perform his duties, and conduct that is clearly prejudicial to the administration of justice.[1]

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, SWAINSON, and WILLIAMS, JJ., concurred with T. G. KAVANAGH, J.

---

[1] Const 1963, art 6, § 30(2).