In the Matter of ALBERT S. MACDOWELL, as City Judge of the City Court of the City of Newburgh, Respondent. JUDICIARY RELATIONS COMMITTEE FOR THE NINTH AND TENTH JUDICIAL DISTRICTS OF THE STATE OF NEW YORK, Petitioner.

Second Department, April 25, 1977

*Gerald Stern (Frank A. Finnerty, Jr.,* and *Bernard Persky* of counsel), for petitioner.

*Patterson, Belknap & Webb (Robert P. Patterson, Jr.,* and *W. Peter Burns* of counsel), for respondent.

*Per Curiam.* The respondent, a part-time Judge of the City Court of the City of Newburgh, was appointed to that office in January, 1973, upon the resignation of his predecessor, and was elected to a full six-year term in November of the same year. Respondent has been admitted to the practice of law in New York since 1951.

The petition contains 12 charges (subpars [1] through [12] of par SEVENTH), one of which (subpar [7]) contains 7 subcharges (subds [a] through [g]). The instant hearings commenced before Mr. Justice BUSCHMANN, as Referee, on April 27, 1976 and terminated on June 17, 1976. The transcript of these proceed-

ings occupies some 4,100 pages of the record. Mr. Justice BUSCHMANN rendered his very comprehensive and excellent report on August 2, 1976, in which he sustained *in toto* the charges contained in subparagraphs (1), (2), (4), (5), (7a), (7c), (7d), (7f) and (9); sustained, in part, the charges contained in subparagraphs (6), (7b) and (8); and concluded that the remainder of the charges contained in the petition had not been substantiated.

On October 26, 1976 the respondent moved to confirm the report insofar as it found that certain charges had not been substantiated, and to disaffirm the report insofar as it found that certain charges had been sustained. On November 24, 1976 the petitioner cross-moved to confirm the report insofar as it found that certain charges had been sustained, and to disaffirm the report insofar as it found that certain charges had not been substantiated. The submission to this court became complete with the service and filing of the respondent's reply memorandum on December 6, 1976.

With respect to subparagraph (1), the Referee found that during the period from March 1, 1973 to the date he was relieved of his judicial duties (October 29, 1975), respondent neglected and failed to render timely decisions with respect to at least 44 written motions presented to the City Court in criminal proceedings, to the detriment and prejudice of the rights of the parties to said proceedings. In some instances the delay in deciding these motions was one and one-half years.

With respect to subparagraph (2), the Referee found that during the period from January, 1974 to December, 1974, the respondent neglected and failed, in at least 89 felony proceedings, to comply with CPL 180.30, which provides, *inter alia,* that when a defendant has been arraigned in a local criminal court upon a felony complaint and waives a hearing thereon, the court must either (1) order the defendant held for the action of the Grand Jury and promptly transmit a copy of that order, the felony complaint, the supporting depositions and all other pertinent documents to the appropriate superior court, or (2) make inquiry pursuant to CPL 180.50 for the purpose of determining whether the felony complaint should be dismissed and an information, prosecutor's information or misdemeanor complaint filed in lieu thereof. The delay occasioned as to some of these matters approximated 11 months.

With respect to subparagraph (4), the Referee found that during the years 1974 and 1975, the respondent neglected and

failed to grant prompt and timely hearings in connection with numerous criminal complaints pending before the City Court, to the detriment and prejudice of the rights of the parties to those proceedings.

With respect to subparagraph (5), the Referee found that during the respondent's tenure as Judge of the City Court, he neglected and failed to hold prompt jury and nonjury trials with respect to numerous criminal, civil and traffic cases pending before the court, to the detriment and prejudice of the rights of the respective parties to those proceedings. Some 477 cases were pending before the court as of the date respondent was relieved of his judicial duties, and more than 200 of these were over six months old.

With respect to subparagraph (6), the Referee found that for the first three quarters of 1974, the respondent neglected and refused to comply with section 20.2 of the Rules of the Administrative Board of the Judicial Conference (22 NYCRR 20.2), which requires the filing of a quarterly report indicating all matters which have been pending for more than 60 days after final submission to a court, and ignored, refused and disregarded repeated requests by the Office of the Director of Administration of the Courts for the Second Judicial Department for the timely filing of these reports.

With respect to subparagraph (7), the Referee found that during the respondent's tenure as Judge of the City Court, he failed and neglected to discharge his administrative responsibilities to said court, and improperly and unnecessarily impeded and delayed the routine, usual and prompt administration of justice in that court by (1) unreasonably restricting court personnel to such an extent that they were not permitted to perform the ordinary ministerial functions required in the administration of court business (subd [a]), (2) at times, directing that the mail remain unopened for extended periods, the testimony indicating that such periods were as long as a month (subd [b]), (3) failing to promptly endorse numerous orders and decisions (subd [c]), (4) failing to provide for the routine and timely docketing of pleadings, as well as the docketing and entry of orders and judgments (subd [d]), and (5) directing that the Acting Judge of the City Court be denied access to court records and files requested by him, and, on one occasion, directing court personnel to have the Acting Judge arrested should he attempt to obtain such files (subd [f]).

With respect to subparagraph (8), the Referee found that

during the respondent's tenure as Judge of the City Court, he neglected and failed to establish, maintain and publish regular and reasonable court calendars.

In our opinion, the Referee's findings with respect to subparagraphs (1), (2), (4), (5), (6) and (8) of paragraph SEVENTH and to subdivisions (a), (b), (c), (d) and (f) of subparagraph (7) of paragraph SEVENTH of the petition are sustained by the evidence and should be confirmed.

The Referee found that the charges contained in subparagraph (9) had been sustained. In our opinion this charge is not supported by a fair preponderance of the evidence and the Referee's finding in this regard should be disaffirmed.

The Referee also found that subdivision (g) of subparagraph (7), charging the respondent with having failed and neglected to discharge his administrative responsibilities, and having improperly and unnecessarily impeded and delayed the routine, usual and prompt administration of justice in the City Court by establishing and enforcing a schedule of arbitrary, unreasonable and excessive fines for individuals charged with violating the Vehicle and Traffic Law, thereby discouraging guilty pleas and causing unnecessary appearances in court, had not been substantiated. In our opinion, the charge is supported by a fair preponderance of the evidence (notably, the respondent's own testimony), and the Referee's finding in this regard should be disaffirmed and the charge sustained.

The findings of the Referee with respect to the charges contained in the petition are confirmed in all other respects.

Accordingly, the motion and cross motion are granted in part and denied in part to the extent indicated above.

As to the measure of discipline to be imposed, former section 429 of the Judiciary Law authorizes the removal of inferior court Judges "for cause", and, in this context at least, "cause" has been defined to include *"general neglect of duty,* delinquency affecting general character and fitness for office * * * oppressive and arbitrary conduct, reckless disregard of litigants' rights, *and acts justifying 'the finding that * * * [the] future retention of office [by a Judge] is inconsistent with the fair and proper administration of justice' "* (*Matter of Kane v Rudich,* 256 App Div 586, 587; emphasis supplied; see, also, *Friedman v State of New York,* 24 NY2d 528, 539-540). The guidelines for judicial conduct are codified in Part 33 of the Rules of the Administrative Board of the Judicial Conference (22 NYCRR Part 33). Paragraph (5) of subdivision (a) of

section 33.3 of the rules provides that a "judge shall dispose promptly of the business of the court." Paragraph (1) of subdivision (b) of the same section further provides: "A judge shall diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials" (22 NYCRR 33.3).

In our opinion, the conduct as evidenced by the charges we have sustained constitutes a violation of the foregoing principles, and demonstrates an unwillingness or inability on the part of the respondent to diligently discharge his adjudicative and administrative responsibilities. The resulting impediment to the due and proper administration of justice in the City of Newburgh renders the respondent's retention as Judge of the City Court improper, despite the absence of any finding of venality.

Accordingly, the respondent is removed from his judicial office.

GULOTTA, P. J., MARTUSCELLO, LATHAM, COHALAN and MARGETT, JJ., concur.