JUDICIAL QUALIFICATIONS
COMMISSION, Petitioner,

v.

C. James CIEMINSKI, Respondent.

Civ. No. 10253.

Supreme Court of North Dakota.

Dec. 2, 1982.

Joseph F. Larson II, Bismarck, for petitioner.

Steven Kaldor and George E. Duis, Fargo, for respondent, and C. James Cieminski, pro se.

PEDERSON, Justice.

Here, for the second time, we must review findings and recommendations made by the Judicial Qualifications Commission, which conclude that C. James Cieminski, Judge of the County Court With Increased Jurisdiction of Barnes County, has engaged in behavior violative of the Rules of Judicial Conduct, formerly called Canons of Judicial Conduct. On this occasion, the Commission

recommended that Judge Cieminski be removed from office. We decline to remove him from office but conclude that we should publicly censure Judge Cieminski, suspend him from office without compensation for a period of three months,[1] and require that he satisfactorily correct deficiencies.

This disciplinary proceeding is brought pursuant to Chapter 27-23, North Dakota Century Code.[2] See also Rule 25, Rules of Judicial Qualifications Commission[3] (hereinafter referred to as NDRJQC), and Section 12 of Article VI of the North Dakota Constitution.[4]

In *Matter of Cieminski,* 270 N.W.2d 321, 332 (N.D.1978), this court publicly censured Judge Cieminski for conduct prejudicial to the administration of justice, ordered Judge Cieminski to read and study the Canons of Judicial Conduct and the North Dakota Rules of Criminal Procedure, and ordered the judge to pay for the costs incurred by the Commission in investigating and hearing the matter.

The record further discloses that on June 21, 1977, the Commission admonished Cieminski for failing to promptly dispose of business before the small claims court and that, on April 11, 1978, the Commission privately censured Cieminski for violating

1. Judge Cieminski has been disqualified from acting as a judge under the provisions of § 27-23-03(1)(b), NDCC, since July 9, 1982, the date that the Judicial Qualifications Commission filed with this court a recommendation for his removal. During this period he has been relieved of all obligations of the office without loss of salary.

2. Section 27-23-03(3), NDCC, provides:
   "On recommendation of the commission, the supreme court may (a) retire a judge for disability that seriously interferes with the performance of his duties and is, or is likely to become, permanent; and (b) censure or remove a judge for action that constitutes willful misconduct in office, willful failure to perform his duties as prescribed by law or by administrative rule or regulation of the supreme court, willful violation of provisions of the code of judicial conduct as adopted by the supreme court, or habitual intemperance. No proceedings hereunder shall be instituted

for alleged acts occurring more than six years prior to receiving a complaint."

3. Rule 25, Rules of Judicial Qualifications Commission, provides that:
   "The Supreme Court shall review the record of the proceedings on the law and the facts and shall file a written opinion and judgment directing censure, removal, retirement, suspension, other disciplinary action or dismissal of the complaint as it finds just and proper, or the court may accept, reject or modify, in whole or in part, the recommendations of the Commission."

4. Section 12, Article VI, Constitution of North Dakota, provides:
   "The legislative assembly may provide for the retirement, discipline, and removal of judges. The removal procedure provided for herein may be used in addition to the impeachment proceedings provided for in article XI, sections 8, 9, and 10, and removal provided for in article XI, section 11."

"Canon 3A.(4) of the Code of Judicial Conduct."

The Judicial Qualifications Commission (the Commission) instituted formal proceedings against Judge Cieminski after conducting a preliminary investigation of complaints concerning Cieminski's conduct not involved in the 1978 proceeding, made by various individuals and by the state auditor's office. (Rules 6 and 8, NDRJQC). The Commission served the judge with notice, specifying the charges against him, on September 15, 1981. Additional charges and amendments to the original charges were served on December 1, 1981, February 23, 1982, and March 24, 1982. The Commission also served a Request for Admissions on February 17, 1982. Cieminski did not answer any of the complaints or respond in any way to the Request for Admissions. Under Rule 36(a), NDRCivP, matters in a request may be considered admitted when there is no timely response. See, e.g., *Latendresse v. Latendresse*, 294 N.W.2d 742 (N.D.1980).

█ Upon request of the Commission, this court appointed the Honorable James H. O'Keefe as Master to hear and take evidence in the proceeding involving Judge Cieminski. See Rule 10, NDRJQC. Judge O'Keefe held a hearing and received testimony of witnesses. Cieminski appeared in his own behalf, called witnesses and introduced exhibits, but personally declined to testify. Judge O'Keefe prepared findings of fact and conclusions of law, and included a recommendation [5] to the Commission that, among other things, Judge Cieminski be suspended without pay for three months. A Master may, but is not required, to include a recommendation in his report to the Commission. A copy was promptly mailed to Cieminski. See Rule 16, NDRJQC. Cieminski made no objection, pursuant to Rule 17, NDRJQC.

The Commission, pursuant to Rule 18, NDRJQC, notified Cieminski that a hearing would be held to determine whether or not the findings and conclusions of the Master should be modified. Cieminski did not appear at that hearing. The Commission heard no additional evidence under Rule 19, NDRJQC, but unanimously adopted a modified version of Judge O'Keefe's findings [6] and made a recommendation [7] to this court, pursuant to Rule 21, NDRJQC, that Cieminski be removed from office. A copy was mailed to Cieminski as required by Rule 23, NDRJQC. Cieminski did not petition this court to modify or reject the recommendations of the Commission as he could have done under Rule 24, NDRJQC.

When the Commission then asked that this court consider the recommendation upon the record filed, we asked that Cieminski and the Commission file briefs. Cieminski then obtained counsel and filed a Motion to Remand to permit the introduction of additional evidence.

## ON MOTION TO REMAND

█ Before we discuss the merits of this disciplinary proceeding, we will consider the motion by Cieminski that we should remand for additional evidence "because the record is incomplete and unbalanced." This court reviews the evidence "de novo on the record." *Matter of Cieminski, supra,* 270 N.W.2d at 326. Evidence which was not

5. Judge O'Keefe's recommendations are as follows:
   "(1) Three months suspension from his office without pay.
   "(2) The immediate employment of one additional fulltime clerical person.
   "(3) A directive that one person be present at all times, as clerk, in his formal judicial proceedings.
   "(4) Disposition of all unresolved cases over 120 days old within sixty days.
   "(5) Bring into compliance all record keeping and reporting within sixty days.
   "(6) Report all offenses to the newspaper.

   "(7) A public reprimand for unethical conduct and gross mismanagement of his office.
   "(8) An indefinite suspension from office if the Commission is not satisfied as to his compliance with the above directives."

6. We do not consider the modifications to the findings of fact or conclusions of law to be significant.

7. The Commission's recommendation simply states: "that the Honorable C. James Cieminski be removed from office."

admitted cannot be considered unless the case is remanded for additional evidence. *Matter of Cieminski, supra,* at 327.

■ We have compared the evidence presented at the hearing before Judge O'Keefe with the statements made by Cieminski in his affidavit and by counsel at oral argument. We conclude that, in all significant respects, the statements made in the affidavit and at the oral argument contain only information duplicating that which was presented by the evidence offered at the hearing. In the final analysis it appears that Cieminski believes that his conduct was justified under the circumstances—not that the findings of fact fail to correctly describe his conduct. We are aware, as is Cieminski, that he attended only the evidentiary hearing before Judge O'Keefe and declined to attend and participate in the Commission's hearing. Objections to the Master's report could and should have been raised at or before that hearing. Rule 17, NDRJQC.

Cieminski must assume the responsibility for his actions. See *Matter of Maragos,* 285 N.W.2d 541, 546 (N.D.1979). He did not answer the complaint. He failed to respond to a Request for Admissions. He had ample opportunity to present evidence at the hearing before Judge O'Keefe. He called three witnesses, introduced five exhibits, and cross-examined the witnesses who were called by the Commission at the hearing. He did not utilize his privilege to question the findings. Under these circumstances, justice and fair play do not suggest that a remand is necessary. We deny the motion to remand.

## ON THE MERITS

*Rule 3 A(5), Rules of Judicial Conduct*

The Commission concluded that Cieminski had violated Rule 3 A(5) of the Rules of Judicial Conduct, which provides:

"A judge shall dispose promptly of the business of the court."

The Commission's conclusion is supported by findings of fact that:

(1) In the case of *Moore v. Sjostrom,* tried before Cieminski in his capacity as the "small claims court" under Chapter 27–08.1, NDCC, on April 4, 1978, entry of judgment was delayed until December 18, 1978;

(2) In the case of *Anderson v. Stenson,* tried before Cieminski as county judge in 1974, entry of judgment was delayed until December 1980;

(3) In the case of *Jung v. Webster,* tried before Cieminski as the "small claims court" on April 28, 1981, to date no judgment has been entered;

(4) In two "small claims court" cases, *John's I–94 v. Orness* and *K & K Storage v. Orness,* tried February 4, 1981, to date no judgment has been entered.

(5) In 204 "small claims court" cases (listed in Exhibit 8), no judgments have been entered;

(6) In 102 "small claims court" cases (listed in Exhibit 9), judgments were not entered for 90 days or more;

(7) In six county court cases (*McGough v. Schroeder,* filed June 4, 1975; *Anderson v. Sailer,* filed September 2, 1975; *Red River Collection v. Morehouse,* filed January 25, 1977; *United Accounts v. Risser,* filed May 2, 1977; *Oberg v. Sheyenne Tire,* filed March 8, 1978; and *Sather v. Blue Cross,* filed November 27, 1978), no action has been taken.

*Rule 3 B(1), Rules of Judicial Conduct*

■ The Commission concluded that Cieminski had willfully [8] violated Rule 3 B(1) of the Rules of Judicial Conduct, which provides:

"A judge shall diligently discharge administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials."

---

**8.** The term "willfully," when used in disciplinary proceedings, means that the acts were the performer's free will and were not done under coercion. See *Matter of Cieminski,* 270 N.W.2d 321, 327 (N.D.1978).

This Commission conclusion is supported by findings of fact that:

(1) Cieminski's practices do not meet minimally acceptable accounting procedures in that, among other things, he has failed to make procedural changes requested by the state auditor; maintains his own trust fund, including maintaining a $10,000 public fund certificate of deposit in the court's name in violation of § 29–27–02.1, NDCC, rather than using the county treasurer; issues "partial receipts" that are not prenumbered; does not maintain complete ledger books or adequate records permitting auditing;

(2) Cieminski, in his capacity as clerk of the district court, does not maintain a separate volume index for civil cases labeled "General Index—Plaintiffs" and "General Index—Defendants," or a judgment docket, as required by § 11–17–01(8) and (9), NDCC;

(3) Cieminski, as a judge of the county court with increased jurisdiction, fails to maintain a register of criminal actions as required by § 27–08–24(12), NDCC; and

(4) Cieminski has permitted an accumulation of approximately $63,000 in uncollected costs, restitutions and fines.

### Rule 2 A, Rules of Judicial Conduct

The Commission concluded that Cieminski had willfully violated Rule 2 A, Rules of Judicial Conduct, which provides:

"A judge shall respect and comply with the law and shall act in such a manner that promotes public confidence in the integrity and impartiality of the judiciary."

This Commission conclusion is supported by findings of fact that:

(1) Cieminski has failed to report all convictions of reckless driving or of driving a motor vehicle while under the influence of intoxicating liquor or a controlled substance, or of failing to stop in event of an accident involving injury or death to any person, to the state highway commissioner within ten days of such conviction as required by § 39–07–11, NDCC; and

(2) Cieminski reported 83 persons to the local newspaper who were convicted of serious traffic offenses during December 1980, but did not report the convictions of 41 other persons.

The Commission further found that most of those defaults described hereinbefore which support the conclusion that Rule 3 B(1), Rules of Judicial Conduct, had been violated, also support the Commission's conclusion that Rule 2 A, Rules of Judicial Conduct, has been violated.

A detailed, itemized analysis of each act of Judge Cieminski which, it is alleged, supports the conclusions that he has violated the Rules of Judicial Conduct, does not appear to be warranted. Judge O'Keefe, after itemizing 22 findings of fact and nine conclusions of law, commented:

"This is a depressing record of shoddy bookkeeping, unresolved cases, haphazard processing, and selective press reporting. Most bothersome is the unusually long delay in the disposition of cases with no explanation offered, other than to say they were 'few.' That is simply not so. As is usual, judges are often investigated for single acts of alleged misconduct. This case is truly staggering in the number of statistical irregularities. He should not feel, as he does, that a few people are causing his problems by harassment. The problems, of his making, rise above the motives of the complaint. I accept the Judge's claim that the shortcomings of his court are not 'wilfull' or 'intentional.' This misses the point. The anatomy of delay reaches beyond that issue into the area of work habits, efficiency, and attitudes. Judge Cieminski apparently has not addressed the fundamental question: Is he performing his public duty in a manner consistent with judicial ethics? It is inappropriate, even ludicrous, in view of this record and his prior difficulties, for him to criticize the Commission (in his Brief) by saying he has lost 1200 hours because of embarrassing and costly formal procedures.

Judge Cieminski has generally violated Rule 1 of the Canon, which addresses the integrity of the judge."

Many of the specific cases involving long delay or complete inattention are small claims court actions. The statute creating the small claims court (Chapter 27–08.1, NDCC) contains some language that, unfortunately, appears to sanction loose judicial conduct. Even though § 27–08.1–03 states that "the hearing and disposition of all actions shall be informal" and that "the court will conduct the proceedings and may make its own inquiry before, during, or after the hearing," if the judge has any concern for ethics he will not permit his conduct to destroy his integrity and public respect for his office and for the law. Ex parte communications with parties or witnesses should be avoided by all judges. The informality and post-hearing inquiry authorized by statute are unacceptable excuses.

Informality in proceedings and informal disposition does not, for example, warrant abolishment of entry of judgment in every case. Innovation is often admired and praised. Consistent compromise of principles is not. Cieminski's unorthodox handling of the business of the small claims court appears to be motivated by a strong sense of morals and a gentle heart. The witnesses against him, he calls his friends. He has failed to understand that his friends expect to be judiciously treated at arm's length in dealing with a court of law.

In the case of *Jara v. Municipal Court for San Antonio, Etc.,* 21 Cal.3d 181, 145 Cal. Rptr. 847, 578 P.2d 94 (1978), it was pointed out that in the light of the nature of a small claims court, matters must be handled informally and expeditiously, and that comprehension on the part of the participants is required. See also *Sanderson v. Niemann,* 17 Cal.2d 563, 110 P.2d 1025, 1030 (1941). In the instant case, parties who were intended to be the beneficiaries of Cieminski's innovations had no such comprehension. The commentary to Rule 3 A(5), Rules of Judicial Conduct, explicitly requires a court to be expeditious in determining all matters submitted to it.

Cieminski argues that there is no 90-day order, rule, or statute applicable to small claims court; that some of the complainants against him were successful small claims court litigants who did not receive notice because the packet did not provide sufficient copies; and that he had a greater load of small claims court cases than most courts, plus "6406 traffic and criminal" cases during the period involved. Under the circumstances here, all of these arguments are frivolous. Non-criminal traffic cases are not statistically equal to criminal cases. Under § 39–06.1–03(7), NDCC, the handling of these administrative procedures could readily be transferred to a non-judicial person appointed by the district judge with legislative provision.

The standard for judicial conduct must be conduct which reaffirms the integrity of the judiciary. Judges symbolize the law and justice and, accordingly, their conduct reflects favorably or unfavorably on the judiciary and the high respect required in the administration of justice. *Matter of Cieminski, supra,* 270 N.W.2d at 327. The Rules of Judicial Conduct were "designed and adopted to accomplish this, as well as to require that the judge not only act impartially but also that the litigants and society believe that the judge did, in fact, act impartially." 270 N.W.2d at 327.

We are thoroughly satisfied that the admissions and uncontroverted evidence "clearly and convincingly" supports the significant findings of fact and the conclusions that Judge Cieminski's conduct constitutes an unexcused violation of Rules 3 A(5), 3 B(1), and 2(A), Rules of Judicial Conduct.

After careful examination of the evidence, and after an evaluation of the findings of fact which are supported by clear and convincing evidence, we agree therewith and with the conclusions of law, and conclude that disciplinary action against Judge Cieminski is warranted. The conduct of Judge Cieminski, although perhaps

well-motivated, did contravene the Rules of Judicial Conduct and, as a result, has caused a loss of respect and confidence in the judicial system. We must now consider the recommendation of the Commission and of the Master to determine what is an appropriate disposition in this instance.

The Commission rejected Judge O'Keefe's recommendation for suspension without pay and recommended instead—removal. From one aspect, removal is perhaps the easiest solution for the judicial system. The easiest solution may not fulfill the needs of the judicial system to display integrity and restore public confidence. Judge Cieminski should not be treated as either a martyr or a scapegoat.

Barnes County has much invested in Cieminski as a judge. Voters still have confidence in him.[9] We sincerely hope that with some significant changes in his mode of operation he can serve the public well.

It is the conclusion of this court that removal as recommended by the Commission is not warranted. Giving appropriate deference to the recommendations of the Master who heard the only live testimony in this case, this court now hereby orders as follows:

(1) Judge Cieminski is suspended from office without pay for a period of three months commencing December 15, 1982 and ending March 15, 1983.

(2) The employment of such additional personnel as is required to perform the duties of the court is hereby directed.[10]

(3) Unless extended by this court for cause, Judge Cieminski will have 90 days from March 15, 1983 to do the following:

(a) Resolve and make final disposition of all cases in his court which have been filed more than 120 days. Give notice of final disposition to all parties.

(b) Correct all deficiencies that have been reported by the state auditor.

(c) Comply with all requirements of Sections 29–27–02.1, 11–17–01(8), 11–17–01(9), 27–08–24(2), and 39–07–11, NDCC.

(d) Establish practices and procedures that will assure the elimination of an accounts receivable for fines, costs and restitutions ordered.

(4) Unless extraordinary circumstances require otherwise, Judge Cieminski shall henceforth handle all small claims court matters in open court with parties present or with an opportunity to be present, and decisions shall be made expeditiously, forthwith, and only as contemplated by statute.

(5) Judge Cieminski shall consult with the state court administrator in all areas affecting the administration of his court, particularly matters involving reporting, record keeping and scheduling.

During the period of Judge Cieminski's suspension without pay, and for such additional period as may be necessary, a temporary judge will be appointed by this court pursuant to the provisions of Chapter 27–24, NDCC, to serve at the expense of Barnes County.

It is hereby further directed that the state court administrator monitor compliance with the intent and purpose of these orders and directives. In doing so, the state court administrator shall consult with the state auditor, the Barnes County state's attorney and other county officials, and the presiding judge for the Southeast Judicial District, and shall urge the employment of

---

9. Judge Cieminski was reelected by a large margin of Barnes County electors in the election held on November 2, 1982. It was not an uncontested election.

10. Judge O'Keefe, after hearing all of the testimony, concluded that one additional full-time clerical employee was immediately required to permit all of the duties to be timely performed. The record discloses that the Barnes County Board was prepared to authorize additional employment but that Cieminski did not concur in the necessity therefor. From the record an inference may be drawn that Cieminski had engaged in an extraordinary amount of extracurricular activities which ought to be curtailed. These are matters that should be addressed forthwith, jointly by the state court administrator, Barnes County officials, and Judge Cieminski.

additional staff if that is deemed appropriate.

Under the circumstances, we do not assess the costs of the proceedings as was done in *Matter of Cieminski,* 270 N.W.2d 321 (N.D.1978). The Commission and Judge Cieminski shall pay for their own costs and expenditures.

Rule 40, NDRAppP, relating to rehearing, shall not apply and all that is ordered herein shall be effective December 15, 1982.

ERICKSTAD, C.J., SAND, J., and BACKES and BAKKEN, District Judges, concur.

BAKKEN and BACKES, District Judges, sitting in place of PAULSON and VANDE WALLE, JJ., disqualified.