317 S.E.2d 805

**STATE Ex Rel. Edward James PATTERSON**

v.

**The Honorable Naaman J. ALDREDGE, Chief Judge of the Circuit Court of Logan County.**

No. 16234.

Supreme Court of Appeals of West Virginia.

June 26, 1984.

Glyn Dial Ellis, Atty. at Law, Logan, for relator.

Naaman J. Aldredge, Chief Judge, Logan County, Logan, for respondent.

McGRAW, Justice:

The petitioner, Edward James Patterson, brought this original proceeding in mandamus seeking to compel the respondent, Chief Judge Naaman J. Aldredge of the Circuit Court of Logan County, to render a final decision in a civil action instituted by the petitioner in 1980. On April 2, 1984, this Court entered an order directing the respondent to render such a decision within thirty days, noting that a more comprehensive opinion supporting our order would follow.

On October 22, 1980, the petitioner initiated a civil action in the Circuit Court of Logan County seeking adjudication of certain property rights. An answer was filed by the defendants named in the petitioner's suit on November 18, 1980. On June 12, 1981, a hearing was held before the respondent on the defendants' motion to dismiss and petitioner's motion for summary judgment. After three months of inactivity, the matter was again scheduled for argument on September 29, 1981, since the respondent stated he could not recall the law in this matter. Over the next fifteen months, the petitioner's attorney made four requests for a decision from the respondent. Despite repeated assurances by the respondent that a final decision would be forthcoming, no action was taken. Instead, the matter was again scheduled for argument for a third time in January 1983. Still, following this hearing, no action was taken for the next thirteen months. Finally, on March 6, 1984, the petitioner filed this original proceeding in mandamus seeking to compel the respondent to render a final decision.

In his answer, the respondent admitted all of the charges contained in the petitioner's request for a writ of mandamus. His only reply was that his workload afforded him an inadequate opportunity to study the case and that its complexity made it difficult for him to arrive at an opinion.

Under article III, § 17 of the West Virginia Constitution, which provides that "justice shall be administered without sale, denial or delay," and under Canon 3A(5) of the West Virginia Judicial Code of Ethics (1982 Replacement Vol.), which provides that "A judge should dispose promptly of the business of the court," judges have an affirmative duty to render timely decisions on matters properly submitted within a reasonable time following their submission. Article III, § 17 of the West Virginia Constitution, which guarantees the expeditious disposition of all civil matters, is separate from the right to a speedy trial in criminal cases protected under article III, § 14 of the West Virginia Constitution. Canon 3A(5) of the West Virginia Judicial Code of Ethics, as well as the principle contained within its admonition, is often utilized as a foundation for the imposition of judicial discipline for unreasonable delays in the disposition of court business. *See, e.g., In re Weeks*, 134 Ariz. 521, 524–25, 658 P.2d 174, 177–78 (1983); *In re Heideman*, 387 Mich. 630, 631–32, 198 N.W.2d 291, 291–92 (1972); *In re Anderson*, 312 Minn. 442, 447, 252 N.W.2d 592, 594 (1977); *In the Matter of Kohn*, 568 S.W.2d 255, 260–62 (Mo.1978); *In re Corning*, 538 S.W.2d 46, 48–50 (Mo.1976); *In the Matter of MacDowell*, 57 A.D.2d 169, 174, 393 N.Y.S.2d 748,

751 (1977); *Judicial Qualifications Commission v. Cieminski,* 326 N.W.2d 883, 886 (N.D.1982); *Matter of Cieminski,* 270 N.W.2d 321, 324 (N.D.1978).

In addition to the constitutional and ethical provisions which compel the prompt disposition of all civil actions, it should be noted that our rules of civil procedure anticipate that judges will act in a timely fashion. In this respect, the fundamental rule of construction governing our rules of civil procedure is that "They shall be construed to secure the just, speedy, and inexpensive determination of every action." W.VA.R.CIV.P. 1 (1982 Replacement Vol.). Finally, we note that several states have enacted constitutional or statutory provisions requiring judicial officers to dispose of court business within certain time frames. *See, e.g.* IDAHO CONST. art. 5, § 17 (1980) (thirty days); ARIZ.REV.STAT. ANN. § 11–424.02 (1983 Supp.) (sixty days); KY.REV.STAT.ANN. § 454.350 (Bobbs-Merrill 1983 Supp.) (ninety days); TENN.CODE ANN. § 20–9–506 (1980) (sixty days).

In the single Syllabus Point of *State ex rel. Cackowska v. Knapp,* 147 W.Va. 699, 130 S.E.2d 204 (1963), this Court stated:

> Mandamus will not lie to direct the manner in which a trial court should exercise its discretion with regard to an act either judicial or quasi-judicial, but a trial court, or other inferior tribunal, may be compelled to act in a case if it unreasonably neglects or refuses to do so.

*See also* Syl. pt. 2, *Kanawha Valley Transportation Co. v. Public Service Commission,* 159 W.Va. 88, 219 S.E.2d 332 (1975); Syl. pt. 2, *State ex rel. United Fuel Gas Co. v. DeBerry,* 130 W.Va. 418, 43 S.E.2d 408 (1947); Syl. pt. 1, *State ex rel. Buxton v. O'Brien,* 97 W.Va. 343, 125 S.E. 154 (1924); Syl. pt. 1, *Taylor County Court v. Holt,* 61 W.Va. 154, 56 S.E. 205 (1906); *Fleshman v. McWhorter,* 54 W.Va. 161, 163–64, 46 S.E. 116, 116 (1903); Syl. pt. 1, *Roberts v. Paull,* 50 W.Va. 528, 40 S.E. 470 (1901); *State ex rel. Wayne County Court v. Herrald,* 36 W.Va. 721, 728, 15 S.E. 974, 976 (1892); Syl. pt. 2, *Miller v.*

*County Court,* 34 W.Va. 285, 12 S.E. 702 (1890); Syl. pt. 3, *State ex rel. Boggs v. County Court,* 33 W.Va. 589, 11 S.E. 72 (1890); *White v. Holt,* 20 W.Va. 792, 815 (1883).

In *Cackowska,* 147 W.Va. at 700–01, 130 S.E.2d at 205, this Court held that a delay of seventeen months in rendering a decision on a writ of error to an order of a county court affirming the final report of the commissioner of accounts in an estate matter was "unreasonable," and justified the issuance of a writ of mandamus commanding rendition of a decision. Therefore, in the present action, we concluded that a delay of thirty-three months between the initial hearing and the filing of this mandamus action in rendering a decision on the petitioner's motion for summary judgment and the defendants' motion to dismiss was also unreasonable, and justified commanding the respondent to render a final decision within thirty days of our April 2, 1984 order.

Writ granted.