**In the Matter of the Application for the Discipline of Edward LITMAN and Alfred Weinberg, Attorneys at Law of the State of Minnesota.**

**No. 48976.**

Supreme Court of Minnesota.

Nov. 9, 1978.

R. Walter Bachman, Jr., Administrative Director on Professional Conduct, Lawyers

Professional Responsibility Bd., St. Paul, for appellant.

Charles T. Barnes, Duluth, for respondent.

## PER CURIAM.

This disciplinary proceeding instituted by petitioner, Lawyers Professional Responsibility Board, alleging professional misconduct by respondents, Edward Litman and Alfred Weinberg, comes to the court upon a written stipulation executed by petitioner and respondents in lieu of a formal answer by respondents. By stipulation respondents waive their rights to an evidentiary hearing and admit the factual allegations of the petition that in September 1969 each loaned $1,000 to a district judge before whom they continued to practice during the years the loans remained unpaid. Additionally, the stipulation includes a recommendation that, if the court sees fit, an appropriate sanction for the admitted misconduct would be a public reprimand.

Canon 3 of the American Bar Association Canons of Professional Ethics, adopted by this court effective May 2, 1955, as the standards governing professional conduct of lawyers practicing in this state,[1] provided that "[a] lawyer * * * deserves rebuke and denunciation for any device or attempt to gain from a Judge special personal consideration or favor." In 1932, the A.B.A. Committee on Professional Ethics and Grievances, responding to a request for an opinion as to whether it was proper for a lawyer to make a loan to a judge before whom he tries cases, interpreted and applied Canon 3 and pertinent Canons of Judicial Ethics.[2] The committee found violations of such canons and held the loan improper, unequivocally concluding:

1. 241 Minn. xvii.

2. Canon 32, Canons of Judicial Ethics, provided: "A judge should not accept any presents or favors from litigants, or from lawyers practicing before him or from others whose interests are likely to be submitted to him for judgment."

"The lawyer is subject to criticism for making the loan and the judge for accepting it." That formal opinion,[3] which remained unchallenged over the years, became explicitly codified when the Canons of Professional Ethics were revised by the American Bar Association as the Code of Professional Responsibility, effective January 1, 1970. This court adopted the Code effective August 4, 1970.[4] DR 7–110(A) of the Code provides: "A lawyer shall not give or lend any thing of value to a judge, official, or employee of a tribunal * * *."[5] The obvious purpose and clear necessity for this prohibition is to assure public confidence in the integrity and impartiality of the judiciary in the administration of our adversary system of justice. Indeed, there can be no disagreement among lawyers or litigants alike of the hazards that a judge indebted to a lawyer on one side of a litigant's case may, strive as he might, either favor the lending lawyer or lean over backwards against him. Such threats to the fundamental values of integrity and impartiality of the adjudicative process justify not only the explicit disciplinary rule but also the principle declared as an ethical consideration from which it is derived. Ethical Consideration 7–34 of the Code of Professional Responsibility states:

"The impartiality of a public servant in our legal system may be impaired by the receipt of gifts or loans. A lawyer, therefore, is never justified in making a gift or a loan to a judge, a hearing officer, or an official or employee of a tribunal * * *."

Finally, regardless of a lawyer's innocent intentions or the existence of a long-established friendship and personal relationship with a judge or the judge's urgent need for financial help, making a loan to a judge before whom a lawyer practices as the ineluctable appearance of tampering with judicial impartiality. As Canon 9, Code of Professional Responsibility, emphasizes, "A Lawyer Should Avoid Even the Appearance of Professional Impropriety."

Thus, the record establishes, as respondents acknowledge, that their conduct in making the loans in 1969 ran directly contrary to the tenor and long-standing interpretation of Canon 3 of the Code of Professional Ethics, and their continuance of the debtor-creditor relationship until September 1976, when the loans were repaid, violated DR 7–110(A). For these violations, as respondents also acknowledge, disciplinary sanctions are justified.

■ Both the Eleventh District Bar Association Ethics Committee, following a very thorough investigation and the issuance of factual findings and conclusions, and the Lawyers Board of Professional Responsibility, after a formal hearing by a panel of its members, recommend public censure as the appropriate sanction. On the record submitted, we accede to these recommendations for the following reasons: (1) The loans were initiated by the judge, whose financial predicament approached desperation; (2) respondents, as long-time acquaintances and close friends, had no intention of gaining special consideration or favor; (3) it is not shown that the judge's impartiality in contested litigation in which respondents appeared was impaired or that any litigant suffered harm or loss; and (4) at the time of making the loans, the Canons of Ethics were not explicit. In essence, under the circumstances peculiar to this matter, the professional misconduct found consisted of a flagrant disregard of the canon which requires a lawyer to avoid even the appearance of impropriety and a continuing mistake of judgment by respondents' failure either to rectify the impropriety or at least to fully disclose the loans

---

3. A. B. A. Comm. on Professional Ethics, Opinions, No. 82 (1932).

4. 286 Minn. ix.

5. Canon 5C(4) of the Code of Judicial Conduct, which replaced the Canons of Judicial Ethics and was adopted by this court effective February 20, 1974 (297 Minn. xi), expressly prohibits a judge or a member of his family residing in

in contested litigation before the judge or otherwise to exert efforts to avoid judicial misconduct.[6]

In censuring respondents, it should be understood that this form of limited censure will not be adequate for future violations of DR 7–110(A). The grave threats to the integrity of our adversary system of justice which such violations pose surely cannot be tolerated by an honorable profession.

Respondents censured.

his household from accepting a gift or loan from a lawyer.

6. See, *Matter of Anderson*, Minn., 252 N.W.2d 592 (1977).