408 S.E.2d 21 (1991)
DIRECTOR, WEST VIRGINIA DEPARTMENT OF NATURAL RESOURCES, Plaintiff Below, Appellee,
v.
Phillip J. GWINN, Defendant Below, Appellant. TRI-COUNTY CITIZENS FOR IRISH MOUNTAINS, et al., Appellees,
v.
Phillip J. GWINN, Appellant, and
State Water Resources Board, Intervenor.
No. 19904.
Supreme Court of Appeals of West Virginia.
Submitted May 15, 1991.
Decided July 11, 1991.
Rehearing Denied September 5, 1991.
*22 James G. Anderson, III, John F. Parkulo, Anderson & Associates, L.C., Beckley, for appellant.
Maria M. Fakadej, Asst. Atty. Gen., Charleston, for appellee, Director, W.Va. Dept. of Natural Resources.
Robert J. Shostak, Sowash, Carson & Shostak, Athens, Ohio, and Patrick C. McGinley, Morgantown, for appellees, Tri-County Citizens for Irish Mountains, et al.
Joanna Tabit, Sr. Asst. Atty. Gen., Charleston, for intervenor, State Water Resources Bd.
BROTHERTON, Justice:
This case involves a petition for appeal by Phillip J. Gwinn, the appellant, from the July 23, 1990, order of the Circuit Court of Kanawha County, which reversed and remanded the November 28, 1989, order of the Water Resources Board.
In 1987, Phillip Gwinn submitted an application to the Department of Natural Resources (DNR) for a Class B landfill to be located in Summers County on property owned by Gwinn. On July 23, 1987, the DNR approved Part I and requested Part II of the application be completed. On March 14, 1988, the DNR requested eleven additional modifications and clarifications.
In June, 1988, and January, 1989, public hearings were held. The comment period expired. On March 17, 1989, the DNR denied the permit, stating that the denial was caused by an adverse impact upon natural resources and other environmental concerns. The DNR pointed to an inadequate leachate treatment plan, the fact that the roads leading to the facility would not meet public roadway standards necessary for anticipated traffic, and significant adverse public sentiment in the area.
Gwinn appealed to the Water Resources Board (Board). Hearings were held on June 21, June 22, and July 10, 1989. On November 28, 1989, the Board issued findings of fact and conclusions of law in which it granted Gwinn's petition for a permit for a landfill. However, the Director of the DNR and Tri-County Citizens, the appellees in this action, appealed the Board's decision to the Kanawha County Circuit Court. On July 23, 1990, the circuit court reversed the decision of the Water Resources Board and remanded the case.
In his findings of fact, the circuit court judge found that the Board had no statutory authority to receive and review applications for permits and act upon them by requiring additional information before issuing the permits sought. That authority, he ruled, was reserved exclusively for the director and chief of the DNR, as set forth in W.Va.Code § 20-5F-4(a) & (b). The circuit judge concluded that "[t]he Board's order in issuing the Gwinn permit is in excess of the Board's statutory authority...."
The issue in this case is whether the Board has the authority to issue the permit for a landfill after it was denied by the *23 DNR. The appellees contend that W.Va. Code §§ 20-5A-15 and 20-5F-7 limit the Board's authority in that it can only review applications and affirm or vacate decisions of the DNR, including the issuance of permits. The appellees contend that under no circumstances can the Board issue a permit on their own initiative.
It would not be an exaggeration for this Court to state that landfills are, in many cases, objectionable to the residents of the areas in which they are located. Unfortunately, however, waste must be disposed of, whether it be within or without the State. Aware of these concerns, the legislature has enacted detailed legislation regarding the granting of landfill permits. Although the legislature cannot constitutionally forbid the disposal of waste in this State, it can provide conditions for obtaining a permit that will make the landfill sanitary, safe, and environmentally sound. Like most residents, courts do not like landfills, but once the statutory requirements have been satisfied, we cannot create obstacles simply for the purpose of stalling the operation of a validly permitted landfill.
Under the Solid Waste Management Act, the right to appeal from an adverse DNR decision is found in W.Va.Code § 20-5F-7, entitled "Appeal and Review Procedures:"
[A]ny person having an interest which is or may be adversely affected, or who is aggrieved by an order of the director or chief, or by the issuance or denial of a permit or by the permit's terms or conditions, may appeal to the water resources board in the same manner as appeals are taken under the water pollution control act, section 15 [§ 20-5A-15], art. 5-A, chapter 20 of the Code.[1]
Concurrently, the Water Pollution Control Act, W.Va.Code § 20-5A-15(a) provides that:
Any person adversely affected by an order made and entered by the chief in accordance with the provisions of this article, or aggrieved by failure or refusal of the chief to act within the specified time as provided in subsection (e) of section seven [§ 20-5A-7(e)] of this article on an application for a permit or aggrieved by the terms and conditions of a permit granted under the provisions of this article, may appeal to the water resources board for an order vacating or modifying such order, or for such order, action or terms and conditions as the chief should have entered, taken or imposed.... If the chief denies a permit because of any disapproval of a permit application by one or more of the public officers required to review such applications under the provisions of subsection (a), section seven [§ 20-5A-7(a)] of this article, such public officers shall be joined as a coappellee or coappellees with the chief in such appeal.[2] (Emphasis added.)
West Virginia Code § 20-5A-15(g) provides the means by which the Board reviews decisions of the DNR:
After such hearing and consideration of all the testimony, evidence and record in this case, the board shall make and enter an order affirming, modifying or vacating the order of the chief, or shall make and enter such order as the chief should have entered, or shall make and enter an order approving or modifying the terms and conditions of any permit issued.... (Emphasis added.)[3]
The appellees interpret phrases one and three of W.Va.Code § 20-5A-15(g) to mean that the Board can affirm, modify, or vacate improperly issued permits, but cannot issue a permit where the DNR denied an *24 application. Yet in the same breath, they argue that the term "order" in the second phrase, "or shall make and enter such order as the chief should have entered," does not include a permit. W.Va.Code § 20-5A-15(g). This inconsistency is self-serving and meritless. Subsection (g) does not specifically state that the chief could vacate a permit. If, in the first phrase, the word "order" can mean a permit for the purpose of vacating a permit, it also means permit for the second phrase allowing the Board to enter an order the Chief should have entered.
Moreover, why would W.Va.Code § 20-5A-15(a) provide a right of appeal when "the chief denies a permit because of any disapproval of a permit application ..." if the Board was not authorized to issue a permit after a denial by the DNR? Nothing in subsection (a) limits the review of a permit by the Board to merely approving, modifying, or vacating the permit. In fact, after specifically granting a right to appeal a permit in subsection 15(a) when the party is aggrieved by the terms of a permit or the permit is denied, only the term "order" is used again. If, as the appellees suggest, "order" should be interpreted only as an "order" and not a permit, then the Code would provide a right of appeal when a permit is denied, but no remedy. The only way to provide a remedy is to interpret "order" to include a permit.
In this case, any other interpretation would render the Board, as the reviewing body, powerless to do little more than rubber-stamp the DNR's decisions. Thus, we conclude that W.Va.Code §§ 20-5A-15(a) & (g) grant the Water Resources Board specific authority to issue any order, including a permit, that the Chief of the Department of Natural Resources is empowered to issue.
"[T]he rejection of an administrative finding is sanctioned only when `an order of an administrative body based upon a finding of facts ... is contrary to the evidence, or is not supported by the evidence, or is based upon a mistake of law,....' Guine v. Civil Service Commission, 149 W.Va. 461, 469, 141 S.E.2d 364, 369 (1965). Otherwise, if in reviewing administrative decisions or orders in contested cases, the courts routinely substitute their judgments for those of the agencies, the utility of administrative adjudication would be lost. A. Neely, Administrative Law in West Virginia § 5.57 at 438 (1982)."[4]Frank's Shoe Store v. W. Va. Human Rights Commission, ___ W.Va. ___, 365 S.E.2d 251, 254 (1986).
In this case, there was sufficient evidence to sustain the Board's order granting the permit. Moreover, we cannot conclude that the Board's finding was contrary to the evidence, not supported by the evidence or was based upon a mistake of law. Because W.Va.Code §§ 20-5A-15(a) & (g) grant the Board the authority to issue any order the Chief of the DNR could issue, including a landfill permit, the circuit court's rejection of the Board's order was improper and must be reversed.
Reversed.
NOTES
[1] The Solid Waste Management Act defines the terms "director" and "chief" in W.Va.Code § 20-5F-2(b) & (d) to refer to the director of the department of natural resources and the chief of the division of waste management of the department of natural resources.
[2] "Chief" is defined in the Water Pollution Control Act as "the chief of the division of water resources of the department of natural resources." "Director" is defined as "the director of the department of natural resources." "Board" is defined as "the state water resources board." W.Va.Code § 20-5A-2(a)-(c).
[3] In order to simplify this discussion, W.Va. Code § 20-5A-15(g) is broken down into three separate phrases, as follows:

[T]he board shall make and enter an order:
(1) affirming, modifying or vacating the order of the chief, or
(2) shall make and enter such order as the chief should have entered, or
(3) shall make and enter an order approving or modifying the terms and conditions of any permit issued.
It should be noted that the order contemplated under § 20-5A-15(g) must comply with the conditions set out in § 20-5A-15(h).
[4] See also Kanawha Valley Transportation Co. v. Public Service Commission, 159 W.Va. 88, 219 S.E.2d 332 (1975).